McFERRIN SMITH, Associate Judge.
This is an appeal from an order of forfeiture by the Circuit Court of the Eighteenth Judicial Circuit. The trial court forfeited to the Police Department of the City of Oviedo appellant’s automobile and $1,326.11 in cash.
The central issue of this appeal is whether the State failed to follow the requirements of Florida Statute 932.704(1) by not “promptly” proceeding to seek forfeiture of the automobile and cash.
Appellant was arrested on April 16,1981, for a criminal traffic offense. During a valid inventory search of his vehicle, cocaine was found. Appellant was arrested for possession of this cocaine, and his vehicle and the disputed cash were seized. The defendant was charged with possession of cocaine and pled to that charge on July 27, 1981. On October 19,1981, the State began forfeiture proceedings, which ultimately resulted in this appeal.
Appellant has cited no Florida cases construing the requirement that the State “shall promptly proceed” with its forfeiture. However, there are numerous federal decisions construing similar language in federal forfeiture acts. These federal cases establish the principle that due process requires reasonably prompt forfeiture actions. See United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir.1975); United States v. One 1978 Cadillac Sedan DeVille, 490 F.Supp. 725 (S.D.N.Y.1980); United States v. One 1973 Ford LTD, 409 F.Supp. 741 (Nev.1976).
The cases in which federal courts have found an unreasonable delay have generally involved greater delays than the six-month total period here. See, e.g., United States v. Eight Thousand Eight Hundred Fifty Dollars, 645 F.2d 836 (9th Cir.1981) (18-month delay); United States v. One 1970 Ford Pickup, 564 F.2d 864 (9th Cir.1977) (11-month delay); United States v. One Motor Yacht Named Mercury, (12½-month delay). On the other hand, delays of 4½ to 5 months have been held reasonable. See United States v. One 1973 Buick Riviera Automobile, 560 F.2d 897 (8th Cir.1977); United States v. One 1978 Cadillac Sedan DeVille.
We do not consider the time between the seizure (April 16, 1981) and the conclusion of the related criminal proceedings (July 27, 1981) to be a part of the formula for determining “promptness” within the meaning of section 932.704(1), Florida Statutes (1981). Therefore, this case involves a delay from July 27, 1981, to October 19, 1981, or roughly three months.
We are hesitant to announce a hard and fast rule defining “promptly.” Whether a particular delay is of such a nature to violate due process or the legislative mandate of promptness is a question of fact to be determined on a case by case basis.
Here, the appellant objected to the forfeiture on the basis of a lack of promptness in filing. However, he offered no facts to show that appellee was negligent, that the passage of time was unreasonable or that the appellant had been prejudiced. While it is true that the record is silent as to the State’s reasons for almost three months of delay, we can find no justification in this record for interfering with the trial court’s action in forfeiting the property.
Accordingly, the order of forfeiture of the trial court is hereby
AFFIRMED.
COBB and SHARP, JJ., concur.