SCHEB, Judge.
The City of Clearwater petitioned for forfeiture of appellee’s vehicle on the ground that it was used to facilitate concealment and possession of contraband. The trial court denied the petition and the City filed this appeal. We reverse.
Clearwater police seized appellee’s 1976 Dodge van on January 16, 1982, after their search revealed that it contained cocaine. At the hearing on the City’s petition for forfeiture, appellee, David R. Malick, acknowledged that the cocaine was in the van and admitted that he and a friend were preparing to snort it when the police approached the vehicle. The City stipulated that Malick’s father, co-owner of the vehicle, had no knowledge that the contraband was in the vehicle.
At the conclusion of the evidentiary hearing, the trial court denied the City’s petition noting that “there has to be some balancing of the penalties opposed to the offense and it was not the intent of the Legislature to have constituted a forfeiture of this van on this particular set of facts.”
The City contends that the court erred in failing to direct forfeiture of the van since Malick used it to unlawfully conceal or possess cocaine. It argues that section 932.701(2)(e), Florida Statutes (1981), specifically provides that any vehicle which has been used in aiding or abetting in the commission of any felony shall be a contraband vehicle. Appellee recognizes this statute but points to Griffis v. State, 356 So.2d 297 (Fla.1978), as a basis to uphold the trial court’s judgment. There, the supreme court held that the state must show a nexus between the illegal drugs found in the vehicle and the furtherance of an illegal drug operation before the state could forfeit the vehicle. Appellee correctly points out that no such nexus was established here. Griffis, however, is no longer a controlling precedent as it was based on the predecessor forfeiture statute. This law was amended in 1980, and the current law, known as the Florida Contraband Forfeiture Act, sections 932.701-704, Florida Statutes (1981), provides for seizure and forfeiture of a vehicle when contraband is transported, concealed or possessed in it, if possession of the contraband constitutes a felony. State v. Peters, 401 So.2d 838 (Fla. 2d DCA 1981); In re 1973 Buick, 72 So.2d 426 (Fla. 2d DCA 1983).
Here, David Malick, co-owner, acknowledged that he was preparing to snort the cocaine in the van titled in his and his father’s name. While the courts have held that property may not be forfeited where the owner has no knowledge of illegal activities conducted without his consent, In re 86’ Uniflite, “Pioneer I,”398 So.2d 457 (Fla. 5th DCA 1981), nevertheless where, as here, the vehicle is titled, in the alternative, the guilty knowledge of one co-owner is a sufficient basis to justify a forfeiture. In re 1979 Lincoln Continental, 405 So.2d 249 (Fla. 3d DCA 1981). The City properly proceeded against the vehicle and established that it was used in violation of the law for concealment of contraband. Therefore, it was entitled to have the van forfeited for the use and benefit of its police department. See In re 1973 Buick.
We vacate the trial court’s order and direct it to enter an order forfeiting the 1976 Dodge van to appellant.
HOBSON, A.C.J., and RYDER, J., concur.