ROBERT P. SMITH, Jr., Judge.
The state appeals from a circuit court order dismissing the state’s civil proceedings, sec. 932.704, Fla.Stat. (1981), for forfeiture of alcoholic beverages allegedly used or to be used unlawfully on the premises of “Saul’s Elks Club” in Jasper, where the beverages were seized. The court ruled that by electing to prosecute Saul Cobb for a liquor misdemeanor under section 562.12, and by holding the alleged contraband for eventual disposition as provided in that statute, the state was bound to return the goods to the owner Cobb, as necessarily implied by that statute, upon his acquittal or discharge of the offense charged. The state could not then, the court ruled, seek civil forfeiture of the same liquor as contraband for like reasons under section 932.704. Alternatively the court held that the state *66 did not satisfy the requirement of 932.704 that the state “promptly proceed against the contraband article” seized, in that the state seized the liquor by warrant on June 30, 1982, but did not begin civil forfeiture proceedings until January 4, 1983. We reverse the circuit court’s judgment and reinstate the civil forfeiture proceedings.
Under section 562.12 it is a second degree misdemeanor to sell alcoholic beverages without a license or, if one is a licensee, to sell in a manner not permitted by the license; or to possess nonsaleable alcoholic beverages with intent to sell them. Subsection (2) provides in relevant part:
Upon the arrest of any licensee or other person charged with a violation of this section, the arresting officer shall take into his custody all alcoholic beverages found in the possession, custody, or control of the person arrested ... and safely keep and preserve the same and have it forthcoming at any investigation, prosecution, or other proceeding for the violation of this section and for the destruction of the same as provided herein. Upon the conviction of the person arrested for the violation of this section, the judge of the court trying the case, after notice ... shall issue ... a written order adjudging and declaring the alcoholic beverages forfeited and directing ... [disposal] of the alcoholic beverages as provided in s. 562.44 or s. 568.10.
On June 30, 1982, law enforcement officers searched the premises of “Saul’s Elks Club” pursuant to a warrant, and there seized the alcoholic beverages that are the subject of this case. A felony information was then filed against appellee Cobb in the circuit court of Hamilton County, alleging section 562.12 misdemeanors committed on June 30, 1982, and Cobb’s prior conviction of another similar offense. Sec. 562.45(1). In due course the circuit court dismissed the felony repeat-offender charge, because Cobb had not been extended the right to counsel during the earlier conviction, and transferred the remnant misdemeanor charge to the county court. That court dismissed that charge on January 3, 1983, for want of a speedy trial. The next day Cobb moved in county court for return of the property seized, and on January 5 the state initiated civil proceedings in circuit court pursuant to the Florida Contraband Forfeiture Act, sections 932.701 et seq.
Alcoholic beverages kept for illegal sale are contraband subject to the Act. Sec. 932.701(2)(c). Section 932.704(1) provides in part:
The state attorney within whose jurisdiction the contraband article, ... has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband, ... shall promptly proceed against the contraband article, ... by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, ... forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article, ... was being used in violation of the provisions of such law. The final order of forfeiture by the court shall perfect the state’s right and interest in and title to such property and shall relate back to the date of seizure.
Referring to section 562.12 and its joint provision for criminal prosecution and for forfeiture of seized alcoholic contraband, the circuit court stated:
[I]t can readily be seen that the provisions for disposing of alcoholic beverages which have been seized under a criminal charge initiated under Chapter 562 must be used according to that section. It is a well known rule of statutory construction that specific statutory provisions take priority and precedence over general statutory provisions, and such a situation is evident here. The general forfeiture statute under Chapter 932 applies to all contraband of a general nature and Chapter 562 applies specifically to that type of article which is used as delineated in the Information filed against the Defendant. Once the State chose to file an Information against the Defendant under Chapter 562 the State is bound to follow the *67 provisions of Chapter 562 regarding forfeiture. Under section 562.12 the forfeiture does not take effect until and unless there is a conviction of the person arrested for the violation. If there is no conviction then the Court has no authority to forfeit the beverages to the charging agency.
The circuit court’s judgment does not rest upon res judicata considerations, and the judgment is not here defended on the theory that discharging an accused of unlawful possession of contraband forecloses later proceedings to forfeit property that is made contraband by the owner’s unlawful intent with respect to it. As we have held, forfeiture proceedings are civil in nature, and “[njeither conviction nor acquittal. in the companion criminal case is relevant to the civil forfeiture proceeding.” City of Tallahassee v. One Yellow 1979 Fiat, etc., 414 So.2d 1100, 1102 (Fla. 1st DCA 1982). State v. Dubose, 152 Fla. 304, 11 So.2d 477 (1943) concludes that potential issue.
The circuit court’s order suggests that the enactment of 562.12, within a chapter entitled “Beverage Law: Enforcement,” displaced to that extent the forfeiture processes of 932.701, and exempted contraband alcohol from forfeiture under the omnibus civil statute. We respectfully disagree. The criminal statute itself gives no hint of that purpose, and we know of no other basis on which a provision of forfeiture remedies ancillary to criminal prosecutions should be held to make those remedies exclusive, repealing direct civil remedies against contraband “equipment, liquid or solid, which is being used or intended to be used in violation of the beverage or tobacco laws of the state.” Sec. 932.701(2)(c). To imply such a repealing or exempting purpose would make a criminal prosecution the only method of reaching such contraband.
Authorized civil proceedings against contraband alcohol were thus not deauthor-ized by 562.12, and the acquittal or other discharge of a person criminally charged under 562.12 does not preclude civil proceedings. We find no other basis for concluding that by prosecuting Cobb the State elected to forego authorized remedies of civil forfeiture.
The circuit court’s alternative ground for dismissing these chapter 932 proceedings is that, as appears in the excerpt of section 932.704(1) quoted above, the state attorney is directed to “promptly proceed against the contraband article” after its seizure. In delaying initiation of these proceedings for six months, from June 30, 1982, the date of seizure, until January 5, 1983, the court held, “the State has waited an inordinate amount of time,” and compared the case to federal decisions extracted in Sandidge v. State ex rel. City of Oviedo, 424 So.2d 152, 153 (Fla. 5th DCA 1982), which Sandidge distinguished as involving “greater delays than the six-month total period here.”
The federal decisions are indeed of value in determining whether the Florida prosecutor did or did not “promptly proceed” in seeking forfeiture of this alleged contraband liquor. Constitutional due process considerations charge Florida’s statutory words with significance, and similar “promptness” requirements in federal statutes, e.g., 19 U.S.C. 1604, are read in that light. The trilogy of October 1982 decisions by the Court of Appeals for the Ninth Circuit illustrate how varying circumstances, including the reason for any delay as well as its length, determine the issue. United States v. Two Hundred Ninety-Five Ivory Carvings, 689 F.2d 850 (9th Cir.1982); United States v. Forty-Seven Thousand Nine Hundred Eighty Dollars, etc., 689 F.2d 858 (9th Cir.1982); United States v. Thirteen (13) Machine Guns and One (1) Silencer, 689 F.2d 861 (9th Cir.1982).
Because under certain federal statutes the owner of seized goods may take the initiative in beginning administrative proceedings for the return of his goods, there is some debate among federal eourts concerning the significance of the owner not so proceeding, though he may later complain of the government’s delay. E.g., United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir.1975). That there is no corresponding Florida remission proce *68 dure is all the more reason to place firmly upon the State a burden of explaining and justifying any delay of significant time, such as the six months period we are concerned with here. Since important property rights are compromised by seizure, the burden of proceeding promptly or of justifying delay must necessarily be upon the State, and that burden is not carried by a simple assertion that the owner has not demonstrated prejudice, Two Hundred Ninety-Five Ivory Carvings, supra, 689 F.2d at 855, as by showing that the goods seized are of a rapidly depreciable kind. United States v. One 1970 Ford Pickup, 564 F.2d 864, 866 (9th Cir.1977).
Here the reasonableness of the six-month delay hinges upon its purpose, which was plainly that in those six months appel-lee Cobb was being criminally prosecuted and the seized goods were held in compliance with the requirement of section 562.-12(2) that the arresting officer “safely keep and preserve the same and have it forthcoming at any investigation, prosecution, or other proceeding for the violation of this section and for the destruction of the same as provided herein.”
The total period of delay after seizure was in this case six months, not a particularly long prosecution period. Of the six, slightly more than two months elapsed between the seizure and the institution of criminal proceedings, on October 13, 1982. Though there is no explicit evidence in this record accounting for that two-month-plus period of presumed investigation and logistical preparation for prosecuting, neither that period nor the total period of six months appears on its face to be unreasonable. Were either period significantly longer, more explicit evidence of diligence would reasonably be required. We would not go so far as to say that a lengthy investigation and prosecution is its own justification for delaying civil forfeiture proceedings, but cf. Sandidge, supra, 424 So.2d at 153 (“We do not consider the time between the seizure ... and the conclusion of the related criminal proceedings ... to be part of the formula for determining ‘promptness’.... ”). At some point in a lengthy investigation and prosecution, no doubt the prosecuting authorities, holding property that is not tainted with illegality by its very essence, must in deference to property rights submit their de facto forfeiture for judicial approval. The court, not the prosecutor acting by unilateral decision, may then take measures appropriate to guard the purposes of the statute, protect any lawful claim of the owner, and preserve other legitimate interests, for example the owner’s privilege against self-incrimination. See Thirteen (13) Machine Guns and One (1) Silencer, supra, 689 F.2d at 864.
Given the delay in this case of only six months, most oí which were consumed by a truncated criminal prosecution in which the seized liquor was held pursuant to the requirements of section 562.12(2), we find no failuré to “promptly proceed” such as would preclude civil forfeiture proceedings which were begun immediately upon the termination of the prosecution.
' REVERSED. •
SHIVERS and NIMMONS, JJ., concur.