ROY NOBLE LEE, Presiding Justice, for the Court:
Henry Clay Lewis appeals from an order of the Circuit Court of Jackson County forfeiting money, in the sum of thirteen hundred twenty dollars ($1,320.00) cash, seized from his residence apartment in Pas-cagoula, Mississippi. He assigns two errors in the lower court trial.
On November 17, 1982, officers of the Mississippi Bureau of Narcotics and the Pascagoula Police Department arrested appellant at his residence in Brooks Manor Apartments after an exchange of gunfire in which appellant and an officer of the Pascagoula Police Department were wounded. The apartment was searched by the officers, pursuant to a state search warrant, and they found approximately fifty (50) grams of marijuana and three hundred dollars ($300.00) in cash, which were seized and held by the Narcotics Bureau as evidence.
Agents of the Alcohol, Tobacco and Firearms Division of the United States Treasury Department were advised by the Pas-cagoula police of a possible Federal Firearm Statute violation by appellant, and ap *843 pellant’s apartment was searched by those agents pursuant to a Federal search warrant. Approximately 117.8 grams of marijuana were found by them in a brown jacket in appellant’s closet. They also found one thousand twenty dollars ($1,020.00) cash in a black jacket near where the marijuana was found. The contraband and the cash were seized by those officers and turned over to the Mississippi Bureau of Narcotics.
On January 7, 1983, appellant was indicted on four counts of possession of a controlled substance with intent to distribute same, and on April 25, 1983, appellant entered pleas of guilty to said counts and was sentenced on each count to serve three (3) years as an habitual offender without parole, the sentences to run concurrently.
I. — II.
DID THE LOWER COURT ERR IN GRANTING APPELLEE’S PETITION IN SPITE OF ITS FINDING THAT THE PETITION FOR FORFEITURE WAS NOT PROMPTLY FILED?
DID THE LOWER COURT ERR IN GRANTING THE PETITION DESPITE NOT SETTING A TIME FOR HEARING ON THE PETITION WITHIN THIRTY (30) DAYS AFTER AN ANSWER WAS FILED AS REQUIRED BY LAW?
On May 4, 1984, almost eighteen (18) months after the money was seized, the Mississippi Bureau of Narcotics filed a petition for forfeiture of the $1,320.00 cash, to which appellant filed an unverified answer on June 1, 1984. The hearing was held October 5, 1984, and the lower court ordered the seized property forfeited to the Mississippi Bureau of Narcotics. Appellant sought dismissal of the petition for forfeiture on the ground that it was not promptly filed as required by Mississippi Code Annotated § 41-29-177 (1972), as amended. That section provides the following:
(1) When any property, other than a controlled substance, raw material, or paraphernalia, is seized under the Uniform Controlled Substances law, proceedings under this section shall be instituted promptly.
(2) Petition for forfeiture shall be filed promptly in the name of the State of Mississippi with the clerk of the circuit court in the county in which the seizure is made ... [remainder of statute omitted].
We have not been cited to a Mississippi case construing the statute. In 1983, the Florida District Court of Appeals held that a six-month delay between seizure of alcoholic beveráges and commencement of civil forfeiture proceedings did not violate the statutory requirement governing civil proceedings that the State promptly proceed against contraband after its seizure. However, the court held the reasonableness of the six-month delay hinges upon its purposes. During such period of time, defendants were being prosecuted on the criminal charge, which distinguishes that case from the case sub judice. The Florida Court said:
Since important property rights are compromised by seizure, the burden of proceeding promptly or of justifying delay must necessarily be upon the state, and that burden is not carried by a simple assertion that the owner has not demonstrated prejudice ...
In Re Alcoholic Beverages Seized from Saul’s Elks Club, 440 So.2d 65, 68 (Fla.Dist.Ct.App.1983).
In another forfeiture case, In Re 1975 Chevrolet Corvette, 424 So.2d 152 (Fla. Dist.Ct.App.1982), the Florida Court said:
We do not consider the time between the seizure (April 16, 1982) and the conclusion of the related criminal proceedings (July 27, 1981) to be a part of the formula for determining “promptness” within the meaning of section 932.704(1), Florida Statutes (1981). Therefore, this case involves a delay from July 27, 1981, to October 19, 1981, or roughly three months.
We are hesitant to announce a hard and fast rule defining “promptly.” Whether a particular delay is of such a *844 nature to violate due process or the legislative mandate of promptness is a question of fact to be determined on a case by case basis.
Here, the appellant objected to the forfeiture on the basis of a lack of promptness in filing. However, he offered no facts to show that appellee was negligent, that the passage of time was unreasonable or that the appellant had been prejudiced. While it is true that the record is silent as to the State’s reasons for almost three months of delay, we can find no justification in this record for interfering with the trial court’s action in forfeiting the property.
424 So.2d at 153.
At the conclusion of the hearing in the present case, the lower court made a finding of fact which includes the following:
[T]he filing of forfeiture on May 4, 1984, on monies which were seized in November of 1982 and after the cases resulting from those seizures and the incidents that occurred in November of 1982 having been finally disposed of on April 25th, 1983, without any explanation for delay, does not comply with the statutory requirements to, quote, [sic] promptly, close quote, [sic] file forfeiture action. That will be the finding of the facts in this case up to this point. I’m going to take it under advisement. I want to see both counsel in Chambers in a minute and I’ll enter a final order on it. But those are the facts that the Court finds, based on the evidence before it. I’ll enter an Order on those facts today.
In his order sustaining the petition for forfeiture, the lower court also made the following finding:
3. The filing for forfeiture on May 4, 1984, on monies which were seized in November of 1982 and after the cases resulting from those incidents that occurred in November of 1982 having been finally disposed of on April 25, 1983, without any explanation for delay, does not comply with the statutory requirements to “promptly” file forfeiture action.
NOW, THEREFORE, the State’s Petition for Forfeiture of the monies herein is hereby sustained.
SO FOUND AND ORDERED, this the 5th day of October, 1984.
The finding of the lower court and order granting the forfeiture, while stating that the appellee did not act promptly, found no excuse or justification for appellee’s failure to comply with the statute. In the event there had been a prosecution of the indictment, as in the Florida cases, a different situation would be presented here. Under the facts of the case sub judice and the finding of the lower court, we are of the opinion that the court erred in ordering the forfeiture of the $1,320.00.
Since the answer to Assignment I disposes of the case, it will not be necessary to address the remaining assignment of error.
The judgment of the lower court is reversed and judgment is rendered here vacating the forfeiture and dismissing the petition for forfeiture.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.