RYDER, Acting Chief Judge.
In this appeal, we are called upon to decide two interesting and novel questions concerning the effect of the Florida Juvenile Justice Act upon a forfeiture proceeding under sections 932.701 — 932.704, Florida Statutes (1985).
The Sheriff of Lee County filed in the circuit court below a “Petition for Rule to Show Cause and for Final Judgment and Order of Forfeiture,” alleging that the vehicle named in the style of this case was used in the commission of a felony.
An affidavit was attached to the petition. The facts indicate that the subject vehicle, a BMW, was co-owned by appellant Lawrence Russell and his son, appellant James Russell. Prior to the latter’s eighteenth birthday, he was driving the BMW during school hours on a school day with a companion. The vehicle entered a parking lot, the passenger exited, entered a Corvette, the property of another, parked in the lot and removed a radar detector. The passenger returned to and reentered the BMW, and the two minors fled the scene. However, they were observed, followed and, shortly thereafter, arrested. The radar detector was found in the BMW, and thereafter, the sheriff seized the vehicle.
The trial court issued a rule to show cause, and appellants filed an answer to the petition. The answer contained two affirmative defenses: Lawrence E. Russell and Sharon D. Russell have an ownership interest in the vehicle and had no knowledge that the vehicle would be used in criminal conduct; their son was a juvenile on the day the incident occurred “and was therefore legally incompetent and incapable of committing a felony.” The second affirmative defense was also the basis of a motion for summary judgment filed by appellants.
After a hearing, the trial court denied appellants’ motion for summary judgment and stated it was inclined to grant summary judgment in favor of appellee. Appellant father filed an affidavit in opposition to a summary judgment motion by appel-lee. The affidavit indicated that the father paid the purchase price for the vehicle; that the request for title transfer he sent in asked that the title be listed “LAWRENCE E. RUSSELL and/or JAMES E. RUSSELL;” that his intention was to establish and retain ownership “in the conjunctive;” that title was to be transferred to his son’s name alone after his son repaid the purchase price; that no money had been paid by the son; and that he had no knowledge of his son’s illegal activities.
After a hearing on the matter, the trial court granted summary judgment in favor of appellee and entered a final order of forfeiture. This appeal of that order argues two points: (1) forfeiture was inappropriate under the statute because the commission of a felony is required and a juvenile is legally unable to commit a felony under the Florida Juvenile Justice Act and (2) the type of ownership interests of the father and son was a genuine issue of material fact precluding summary judgment.
*1079 Appellants’ first argument, briefly stated, is that, under the facts of this case, the vehicle is subject to forfeiture if it “has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony.” § 932.701(2)(e), Fla.Stat. (1985). The term “felony” is defined in section 775.-08(1), Florida Statutes (1985), as “any criminal offense that is punishable under the laws of this state, or that would be punishable if committed in this state, by death or imprisonment in a state penitentiary.” As a minor, none of the dispositional alternatives upon an adjudication of delinquency include death or imprisonment in a state penitentiary. See § 39.11, Fla.Stat. (1985). Therefore (the argument goes), even if the act committed by a minor would have been a felony if committed by an adult, when committed by a minor, it is not a felony and that fact precludes forfeiture under section 932.701(2)(e), Florida Statutes (1985).
Appellants attempt to bolster their argument with cases holding that forfeiture statutes are to be strictly construed. They also argue that as a policy matter, juveniles should not be subject to the harsh provisions of the forfeiture act because juveniles are a special and distinct class and should be afforded unique treatment.
Appellee answers that the provisions of the Florida Juvenile Justice Act do not change the nature or seriousness of the act committed, but provide dispositional alternatives for the juvenile offender that evince society’s desire to rehabilitate rather than punish. We agree with appellee.
No prior case law could be located on this precise point. However, a close review of related cases and statutes supports our holding that an act committed by a juvenile that would be classified as a felony if committed by an adult qualifies as a “felony” under section 932.701(2)(e).
First, looking at how Florida courts have defined the parameters of the forfeiture statute, we note that a forfeiture proceeding under the statute is civil in nature, being a quasi in rem action against the property. State v. Cobb, 440 So.2d 65, 67 (Fla. 1st DCA 1983). The disposition of the related criminal proceeding is neither relevant nor material to the forfeiture proceeding. In re Forfeiture of a 1981 Ford Automobile, VIN # ABP32F8BU154691, 432 So.2d 732, 733 (Fla. 4th DCA), review denied, 441 So.2d 631 (Fla.1983). City of Tallahassee v. One Yellow 1979 Fiat, 414 So.2d 1100, 1101-02 (Fla. 1st DCA 1982). It follows from the above that since the outcome of the criminal proceeding has no effect upon (and is in fact inadmissible in) the forfeiture proceeding, whether the forfeiture will lie turns on the nature and degree of seriousness of the act committed. If we were to decide that the propriety of forfeiture should be based on what the system (either the criminal justice system or the juvenile justice system) decides to do with (or to) that person once the act has been done, then forfeiture would be subject to the whims of each defendant’s fortune. For example, if forfeiture relied upon the disposition of the criminal proceeding, any defendant charged with a felony that might subject him to forfeiture proceedings who successfully plea bargains the charge to a misdemeanor would be able to avoid forfeiture. The independence of a forfeiture proceeding from a criminal proceeding, apparent in the statutes and maintained by the courts, militates against appellants’ argument.
Second, the nature of Florida’s juvenile justice system supports our holding. The statutory definition of a “child who has committed a delinquent act” is “a child who, pursuant to the provisions of this chapter, is found by a court to have committed a felony, a misdemeanor, contempt of court, or a violation of a local penal ordinance and whose case has not been prosecuted as an adult case....” § 39.01(9), Fla.Stat. (1985). A minor who has committed an act that would subject him to a delinquency hearing can be transferred for criminal prosecution under section 39.09(2), Florida Statutes (1985). Even though section 39.10(4), Florida Statutes (1985), provides that “an adjudication by a court that a child has committed a delinquent act shall not be deemed a conviction ...,” the United States Supreme Court and *1080 the Supreme Court of Florida have held that jeopardy attaches in delinquency proceedings, precluding a subsequent criminal prosecution for the same offense. Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed. 2d 346 (1975); Smith v. State, 316 So.2d 552 (Fla.1975). Finally, Florida Rule of Juvenile Procedure 8.110(a)(3) requires “[i]n petitions alleging delinquency, each count shall recite the official or customary citations of the statute, ordinances, rule, regulation, or other provision of the law which the child is alleged to have violated, including the degree of each offense.”
All of the above points to our conclusion that delinquency proceedings are primarily used as an alternative to criminal prosecution when a minor has committed an act that would otherwise constitute a crime (whether felony or misdemeanor). The goal of the delinquency alternative is to provide a rehabilitative disposition, as opposed to a punitive disposition. § 39.001(2)(a), Fla.Stat. (1985).
Appellants raise an alternative theory as to why the trial court was in error in ordering forfeiture: summary judgment was improper because there was a genuine issue of material fact as to whether appellants were conjunctive (“and” or “and/or”) co-owners or disjunctive (“or”) co-owners. Appellants’ theory is only successful if the forfeiture statute produces a different outcome for the two types of ownership. We hold that it does not.
In 1981, the “reasonably innocent owner” exception to forfeiture read: “No property shall be forfeited under the provisions of ss. 932.701 — 932.704 if the owner of such property establishes that he neither knew nor should have known after a reasonable inquiry that such property was being employed or was likely to be employed in criminal activity.” § 932.703, Fla.Stat. (1981). A case arose where a husband and wife were alternative owners (“or”); the husband employed the vehicle in a criminal activity; and the wife claimed no knowledge of that activity. Construing the provision of the statute,[1] the third district held “the undisputed guilty knowledge of [the husband] is sufficient to justify forfeiture even if the ‘other owner’ [the wife] were shown to have been entirely innocent.” Brown v. City of Miami, 405 So.2d 249, 250 (Fla. 3d DCA 1981). This court addressed a similar situation in City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983). In Malick, a father and son were co-owners, with the vehicle titled in the alternative. The son admitted he was preparing to snort cocaine in the subject van, and the city stipulated that the father had no knowledge of the criminal activity. We held “guilty knowledge of one co-owner is a sufficient basis to justify forfeiture,” citing Brown. Id. at 719.
Effective October 1,1985, the legislature amended the “reasonably innocent owner” exception, adding the language:
Property titled or registered jointly between husband and wife by use of the conjunctives “and,” “and/or,” or “or” shall not be forfeited if the co-owner establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was employed or was likely to be employed in criminal activity.
Ch. 85-316, § 1, Laws of Fla.
Appellants could find no cases determining the effect of conjunctive co-ownership as opposed to alternative co-ownership. Neither could we. Appellants argue that there should be a difference. We disagree. The meaning of the legislature’s amendment to section 932.703(2) is clear: when the co-owners are husband and wife, it makes no difference how the property is titled or registered. If one of them is a reasonably innocent owner, then the property is not to be forfeited. The legislature expressly limited this amendment to husband and wife co-owners, and we will not extend it to all co-owners. Expressio uni-us est exclusio alterius.
Applying and extending our reasoning in Malick to this case, we hold that if the *1081 co-owners are not husband and wife, the guilty knowledge of one conjunctive co-owner is a sufficient basis to justify forfeiture. Whether the ownership is in the conjunctive or alternative is of no legal effect as to this issue. We affirm the trial court’s order of forfeiture.
We recognize that our decision reached today will have a major effect on forfeiture proceedings in our district and may, in turn, have an effect throughout the state. We also recognize the seemingly harsh effect of this holding on the father as a reasonably innocent co-owner. Accordingly, we certify the following question to the Supreme Court of Florida as one of great public importance:
WHEN TITLE TO A VEHICLE IS IN THE CONJUNCTIVE, USING THE WORD “AND” OR THE WORDS “AND/OR,” DOES KNOWLEDGE BY ONE NON-SPOUSAL CO-OWNER OF THE VEHICLE’S USE IN A CRIMINAL ACTIVITY AS DEFINED IN SECTION 932.703(2), FLORIDA STATUTES (1985), PRECLUDE THE OTHER CO-OWNER® FROM USING SECTION 932.-703(2), FLORIDA STATUTES (1985), TO AVOID FORFEITURE?
Affirmed.
LEHAN and HALL, JJ., concur.

. At the time the case was decided, the provision was found at section 943.43(2), Florida Statutes (Supp.1980). The legislature transferred the provision to section 932.703(2) in 1981, without changing the language.