BARFIELD, Judge.
Appellant, the State of Florida, contends that the trial court erred in denying the forfeiture of a 1985 Ford Ranger pickup truck on the grounds that the “innocent spouse” exception contained in section 932.-703(2), Florida Statutes (1989), rendered the statute unconstitutional. We reverse the decision of the trial court and remand for further proceedings.
On July 1,1989, the State seized the 1985 Ford Ranger pickup truck pursuant to sections 932.701-.704, Florida Statutes. The seizure was based on Alan R. Barry’s use of the truck to obtain cocaine and to attempt to run over a police officer while fleeing the scene of a sting operation. The title to the truck is registered in the names Alvin R. Barry, and his son, Alan R. Barry.
The court denied forfeiture and ordered the truck returned to appellees, the Barrys, after finding that the father was an innocent owner. The trial court ruled that section 932.703(2), Florida Statutes (1989), violates due process and equal protection in that it exempts from forfeiture certain co-owned vehicles and not others.
We agree with the State that section 932.703(2), Florida Statutes (1989), does not violate either the due process or equal protection clauses of the state or federal constitutions; however, we decline to follow In Re Forfeiture of 1978 BMW Automobile, 524 So.2d 1077 (Fla. 2d DCA 1988), because the result reached in that case appears to establish constitutional impediments arising from both equal protection and due process considerations. That decision would allow a sole owner of property to escape forfeiture although the owner’s permissive use of the property resulted in the targeted criminal conduct, while a joint owner of property, equally innocent, who could not forbid the use of the property, would suffer loss by forfeiture. The concept of imputed knowledge, or imputed criminality, was created by the Second District Court’s decision, not the legislature.
In our view the statute is susceptible of a construction which fairly comports with constitutional constraints of due process and equal protection. An “innocent owner” under the statute need not be the owner of the whole property where the ownership is divisible and the property is susceptible of division in kind or sale and division of proceeds. The statutory exception for husband and wife conforms the statute to the definition of property held by the en-tireties which ownership is singular and indivisible. The statute is definitive in eliminating the proof requirements that the owners intended to create a tenancy by the entirety and overcomes the provisions of section 319.22(2)(a)l, Florida Statutes (1989). Smith v. Hendry, 454 So.2d 663 (Fla. 1st DCA 1984); Crawford v. United States Fidelity and Guaranty Co., 139 So.2d 500 (Fla. 1st DCA 1962).
The State certainly should have the right to proceed against the property; however, the State is not entitled to take the property of one who did no wrong and knew of no wrong. The greatest impediment that one who owns property with another under these circumstances should suffer is the loss of the property in exchange for fair consideration or the association of a new partner.
The judgment of the trial court is REVERSED and the case is REMANDED for the trial court to conduct an evidentiary hearing to determine whether the father had the requisite knowledge of the criminal activity of the son.
ERVIN, J., concurs.
BOOTH, J., dissents, with written opinion.