BOOTH, Judge,
dissenting.
Section 932.703, Florida Statutes, provides, in part, as follows:[1]
(2) No property shall be forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity. Property titled or registered *5 jointly between husband and wife by use of the conjunctives “and,” “and/or,” or “or” shall not be forfeited if the coowner establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was employed or was likely to be employed in criminal activity.
(3) No bona fide lienholder’s interest shall be forfeited under the provisions of ss. 932.701-932.704 if such lienholder establishes the he neither knew, nor should have known after a reasonable inquiry, that such property was being used or was likely to be used in criminal activity; that such use was without his consent, express or implied; and that the lien had been perfected in the manner prescribed by law prior to such seizure.
We should reverse the judgment below. On In Re Forfeiture of 1978 BMW Automobile, 524 So.2d 1077, 1080-1081 (Fla. 2d DCA 1988), the court held:
Applying and extending our reasoning in [City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983)], to this case, we hold that if the co-owners are not husband and wife, the guilty knowledge of one conjunctive co-owner is a sufficient basis to justify forfeiture.
In the 1978 BMW case, supra, as in City of Clearwater v. Malick, 429 So.2d 718 (Fla. 2d DCA 1983), the court upheld the forfeiture of a vehicle titled in the names of parents and son, where the son, without actual knowledge of the parents, used the vehicle for illegal purposes.
The “innocent spouse” exception in the Act is based on the doctrine of tenancy by the entireties. Under that doctrine, neither spouse can, by his or her unilateral act, alienate, encumber, or forfeit property held jointly by husband and wife. See Parrish v. Swearington, 379 So.2d 185 (Fla. 1st DCA 1980); United States v. One Parcel of Real Estate at 11885 S.W. 46 Street, etc., 715 F.Supp. 355, 359 (S.D.Fla.1989). Property held jointly by husband and wife is thus not subject to rules applicable generally to jointly-held property. The BMW case, supra, holds that where the Legislature has expressly limited the forfeiture exemption for a coowner to property held by husband and wife coowners, the court would not extend it to other coowners, applying the maxim “expressio unius est ex-clusio alterius.”

. Exemption was added by amendment effective October 1, 1985. Ch. 85-316, § 1, Laws of Fla.