McDonald, justice.
We review In re Forfeiture of 1985 Ford Ranger Pickup Truck, 582 So.2d 3 (Fla. 1st DCA 1991), because of conflict with In re Forfeiture of 1978 BMW Automobile, 524 So.2d 1077 (Fla. 2d DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and approve the decision under review.
In July 1989 Panama City police seized the subject truck because one of its owners, Alan R. Barry, used it while attempting to obtain cocaine. Alvin R. Barry, Alan’s father and co-owner of the truck, challenged the truck’s seizure, claiming to be an innocent owner. Subsection 932.-703(2), Florida Statutes (1989),[1] provides an innocent-owner forfeiture exception for property owned jointly by husbands and wives.[2] The trial court declared the statute unconstitutional as violating due process and equal protection by exempting certain co-owned property, but not all co-owned property, from forfeiture.
The district court reversed the trial court’s holding the statute unconstitutional *1071 but held that, although the state could proceed against the truck, it “is not entitled to take the property of one who did no wrong and knew of no wrong.”[3] 582 So.2d at 4. The district court remanded the case to the trial court to determine the disposition of the property, i.e., whether Alvin Barry should lose the truck in return for fair consideration for his interest in it or whether he could find a new partner in the truck’s ownership who would compensate the police for his son’s forfeited interest in the truck. Id. In In re Forfeiture of 1978 BMW, on the other hand, the court held that, “if the co-owners are not husband and wife, the guilty knowledge of one conjunctive co-owner is a sufficient basis to justify forfeiture” of the entire property. 524 So.2d at 1080-81.
As we have stated before, “courts will avoid declaring a statute unconstitutional if such statute can be fairly construed in a constitutional manner.” Sandlin v. Criminal Justice Standards & Training Comm’n, 531 So.2d 1344, 1346 (Fla.1988). The instant district court correctly applied this principle of statutory construction. The state can secure forfeiture of the interest of the person involved in criminal activity, but we agree that subsection 932.703(2) should be interpreted to protect the interest of innocent co-owners from forfeiture. Therefore, we approve the decision under review and disapprove the holding in In re Forfeiture of 1978 BMW that an innocent co-owner’s interest in property is forfeited along with the guilty co-owner’s interest. On remand the property shall be disposed of in a manner that recognizes the interest of both the police and Alvin Barry in the truck.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.

. This statute has been amended, effective July 1, 1992. Ch. 92-54, § 3, Laws of Fla.

. The statute provides as follows:
(2) No property shall be forfeited under the provisions of ss. 932.701-932.704 if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity. Property titled or registered jointly between husband and wife by use of the conjunctives “and,” "and/or,” or "or" shall not be forfeited if the coowner establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was employed or was likely to be employed in criminal activity.

. The parties stipulated that the father had no knowledge of his son’s criminal activity.