JOANOS, Chief Judge.
Appellants, Shawn Wade Sims and William H. Sims, Sr., appeal a final order and judgment of forfeiture of a motor vehicle, pursuant to the Florida Contraband Forfeiture Act. We reverse.
The affidavit for vehicle forfeiture filed in this case alleged that Shawn Wade Sims and two others were involved in the burglary of a motel room, a wallet stolen from the motel room was discovered under the driver’s seat of the Isuzu truck sought to be forfeited, and the subject vehicle is registered in the names of Shawn W. Sims or William H. Sims, Sr. (Shawn’s father). The charges arose when Shawn Sims and two companions traveled to Panama City Beach, Florida, for the Memorial Day holiday. On the day of the burglary, the young men were invited to a party at a motel by some young women they met at the beach. When the young men arrived at the motel, a crowd was gathered in front. *696 The young men went to the motel room where they had been advised the party would take place. The door was ajar; Shawn Sims and his companions entered the room, but found no one there. Sims’s companions took wallets from the room, and as they were leaving, one handed a wallet to Sims. Sims was then advised that his truck was about to be towed, because it was blocking another vehicle. When Sims went to move the vehicle, he placed the wallet under the driver’s seat.
As Sims returned to the motel after re-parking the truck, a motel security guard told him to remain at the spot until the beach police arrived. Most of the property removed from the motel room was recovered almost immediately from Sims’s two companions. When the investigating officer learned that one of the wallets had not been recovered, he asked Sims about it. Sims stated the wallet was in his unlocked truck, and described the truck and its location. The officer then retrieved the missing wallet.
The title certificate for the truck lists the names of Shawn Sims and his father, William H. Sims, Sr., as owners. It is undisputed that William Sims had no knowledge of the alleged criminal activity which led to the motor vehicle forfeiture here at issue. In addition, both Shawn and his father were named on the original loan from Ford Motor Company. Later, Shawn obtained a personal bank loan with which to pay off the Ford Motor Credit loan. To enable Shawn to obtain the bank loan, Shawn’s parents put up $1,000.00 and pledged their van as collateral. Shawn indicated that he makes the payments on the loan, and pays the insurance premiums for the truck.
The trial court applied a “greater weight of the evidence” standard to find that Shawn was the actual owner of the vehicle, and that his father was included on the title solely for purposes of financing. The court further found that there was no true co-ownership of the motor vehicle, and that the motor vehicle was used to facilitate the burglary by concealing property stolen during the burglary. In the final order and judgment of forfeiture, the trial court ruled that William H. Sims, Sr., who was listed with his son as joint owner of the subject vehicle, was an “innocent owner,” and only a nominal owner of the vehicle, and that Shawn Sims was the actual owner of the vehicle.
Personal property, including a “vehicle of any kind, ... which has been or is actually employed as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, ...” is subject to forfeiture under the Florida Contraband Forfeiture Act. See § 932.701(2)(e), Fla.Stat. (1989). However, an. exception is provided with respect to property subject to forfeiture under the provisions of the Act,
if the owner of such property establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was being employed or was likely to be employed in criminal activity. Property titled or registered jointly between husband and wife by use of the conjunctives “and,” “and/or,” or “or” shall not be forfeited if the coowner establishes that he neither knew, nor should have known after a reasonable inquiry, that such property was employed or was likely to be employed in criminal activity,
§ 932.703(2), Fla.Stat. (1989).
In a forfeiture action, it is the state’s burden to prove by clear and convincing evidence “that the property being forfeited was used in the commission of a crime.” Department of Law Enforcement v. Real Property, 588 So.2d 957, 968 (Fla. 1991). See also Jenkins v. City of Pensacola, 602 So.2d 988 (Fla. 1st DCA 1992); In re Forfeiture of $21,650.00, 605 So.2d 102 (Fla. 4th DCA 1992); In re Forfeiture of $8,489.00, 603 So.2d 96, 97 (Fla. 2d DCA 1992). One having an interest in the property subject to forfeiture may defeat a forfeiture action as to his or her interest by showing, by a preponderance of the evidence, a lack of knowledge that the property was being used in criminal activity. Department of Law Enforcement, 588 So.2d at 967-968.
*697 A certificate of title establishes- presumptive ownership of a vehicle, which presumption can be overcome by competent evidence. Nash Miami Motors v. Bandel, 47 So.2d 701, 703 (Fla.1950). See also Lamar v. Wheels Unlimited, Inc., 513 So.2d 135 (Fla.1987). Under the standard enunciated by the supreme court in Department of Law Enforcement, the presumption of coownership of a motor vehicle can be overcome only by clear and convincing proof.
Although section 932.703(2) provides an innocent-owner exception for property owned jointly by husbands and wives, the statute has been interpreted to protect the interest of innocent coowners generally. In re Forfeiture of 1985 Ford Ranger Pickup Truck, 598 So.2d 1070, 1071 (Fla. 1992), approving this court’s decision reported at 582 So.2d 3. That is, “[l]ack of knowledge of the holder of an interest in the property that the property was being employed in criminal activity is a defense to forfeiture, which, if established by a preponderance of the evidence, defeats the forfeiture action as to that property interest.” Department of Law Enf., 588 So.2d at 968. In such eases, the property must be disposed of in a manner that recognizes the interest of the innocent coowner, either by payment of fair consideration for his or her interest, or by permitting the coowner to compensate the governmental entity for the forfeited interest of the wrongdoer. Ford Ranger Pickup Truck, 598 So.2d at 1071, and 582 So.2d at 4.
In this case, the trial court applied a “greater weight of the evidence” standard to determine that Shawn Sims was the “actual” owner of the vehicle, and that the vehicle was used to facilitate the burglary by concealing property stolen during the burglary. Although it appears the evidence connecting the vehicle to the burglary meets the requisite clear and convincing standard, the evidence is legally insufficient to prove that Shawn Sims was the sole owner of the vehicle.
Accordingly, this cause is reversed and remanded with directions to conduct a new hearing, with application of the clear and convincing standard of proof enunciated in Department of Law Enforcement v. Real Property.
BARFIELD, J., concurs.
ZEHMER, J., dissents with opinion.