452 So.2d 627 (1984)
Lawson L. LAMAR, Sheriff of Orange County, Florida, Appellant,
v.
UNIVERSAL SUPPLY COMPANY, INC., Appellee.
No. 83-1296.
District Court of Appeal of Florida, Fifth District.
June 7, 1984.
*628 Peggy M. Morris, Orlando, for appellant.
Hal Roen, Orlando, for appellee.
COBB, Judge.
This appeal raises the issue of the constitutionality of Florida's Contraband Forfeiture Act as amended effective July 1, 1980. The specific provision at issue herein is section 932.703(1), Florida Statutes (1983), which provides, in pertinent part:
(1) Any ... motor vehicle ... which has been or is being used in violation of any provision of s. 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized. All rights and interests in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interest in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act. (Emphasis added.)
The reference in the last sentence to an action for recovery of property "as provided in this act" is clarified by section 932.704, Florida Statutes (1983), which provides:
(1) The state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized because of its use or attempted use in violation of any provisions of law dealing with contraband ... shall promptly proceed against the contraband article, vessel, motor vehicle, aircraft, or other personal property by rule to show cause in the circuit court within the jurisdiction in which the seizure or the offense occurred and may have such contraband article, vessel, motor vehicle, aircraft or other personal property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure, upon producing due proof that the contraband article, vessel, motor vehicle, aircraft, or other personal property was being used in violation of the provisions of such law. The final *629 order of forfeiture by the court shall perfect the state's right and interest in and title to such property and shall relate back to the date of seizure.
The facts underlying this appeal show that the Sheriff of Orange County seized a 1980 Oldsmobile on July 22, 1983, pursuant to the aforesaid Act (section 932.701-704, Florida Statutes). It was claimed that the vehicle owned by Universal Supply Company, Inc., was used in the commission of an aggravated assault by Universal's vicepresident, Lloyd James Lisco. On July 25, the sheriff notified Universal, by courtesy letter, that a forfeiture investigation had been initiated.
On July 29, seven days after seizure, Universal filed a replevin action against the sheriff, seeking return of the motor vehicle. On August 3 the sheriff filed a motion to dismiss the replevin action and the order to show cause which had been served on him. After a hearing on the motion on August 26, the trial court entered an order dated August 29 denying the motion to dismiss and ordering the sheriff to either file a forfeiture proceeding against the vehicle before September 3 or otherwise to return it to Universal on that date.
The argument of the sheriff at the hearing, as set forth in his written motion to dismiss, was based on the provisions of section 932.703, quoted above. The sheriff contended:
This particular section of the latest amendment to the Florida Contraband Forfeiture Act has been specifically cited and mentioned on at least two occasions in the Florida courts. See Golding v. Director of Public Safety, etc., 400 So.2d 990 at 991, and see also 400 So.2d 992 at 997. In both of these particular cases, the Third District Court of Appeals assumed, while not actually deciding, that under our now present statute a Motion to Return Forfeitable Property (or replevin) would not lie and that the return of the property can only be accomplished by the claimant successfully terminating a forfeiture action.
The sheriff declined to file the forfeiture proceeding and now appeals the August 29 order for return of the vehicle pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(ii), relating to the appeal of non-final orders which determine the right to immediate possession of property.
As one point on appeal, the sheriff argues that the August 29 order is a nullity because the trial court did not comply with the procedural requirement of section 78.067, Florida Statutes (1983),[1] in regard to issuing an order directing the clerk of the court to issue a writ of replevin. It is contended by appellant that, given the mandatory language of the statute, the plaintiff should have obtained an order from the trial court on September 2 (when the seven days ran out) directing the clerk to issue a writ of replevin.
We agree, as does the appellee, that the procedure ordering the sheriff to return the vehicle on a certain date is not in accordance with the aforesaid statute. We do not agree, however, that the approach taken by the trial court was null and void. The statute does not contemplate a situation where the sheriff, to whom the clerk normally would issue the writ, is the party defendant. Rather than have the sheriff execute a writ of replevin against himself, the trial court utilized a viable  and valid  alternative procedure, which was well within the authority of the trial court. Any writ which the clerk of the court can issue upon direction by the trial judge can be issued directly by the judge himself. Therefore, we consider the substantive, constitutional issue raised by this appeal.
The sheriff cites us to two cases, Golding v. Director of Public Safety Dept., 400 So.2d 990 (Fla. 3d DCA 1981), and Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981), as supporting his view that the language from section 932.703(1), Florida Statutes, *630 quoted above, precludes an action in replevin and that the only recourse available to a claimant of seized property, Universal in the instant case, is to successfully defend a forfeiture action initiated by the state attorney pursuant to section 932.704. We agree with appellant that the statute makes no distinction based on the time of filing a prohibited action. Clearly, it purports to prohibit a replevin action at all times after seizure of the property, not merely after the filing of a forfeiture action. The sheriff contends that the statute, thus read, serves the salutary purpose of preventing a claimant from precipitating litigation in regard to the property prior to an adequate opportunity on the part of the state to fully investigate and prepare for forfeiture. The sheriff cites to this court's opinion in Sandidge v. State ex rel. City of Oviedo, 424 So.2d 152 (Fla. 5th DCA 1982), which held that a six-month delay between seizure and filing of a forfeiture action was not so unreasonable as to defeat the action.
It is also the position of the sheriff that since section 932.703(1), by its terms, purports to immediately vest title in the state to contraband articles, the claimant is no longer the owner of the property and, therefore, without standing to initiate an action for its return. Lastly, the sheriff argues that contraband articles cannot be justifiably replevied because, by definition, such articles cannot be "wrongfully detained," as is required by section 78.055, Florida Statutes (1983). Ethiopian Zion Coptic Church v. City of Miami Beach, 376 So.2d 925 (Fla. 3d DCA 1979).
Universal, on the other hand, points to the due process clause of the Fourteenth Amendment of the United States Constitution in support of its argument that the sheriff cannot seize its property and keep it without hearing until such time as the state attorney, at his leisure, decides to file a forfeiture action. The "prompt filing" requirement of section 932.704(1) is insufficient protection, says Universal, particularly in view of the propensity of courts to construe the term on a case-by-case basis which may permit the state as long as six months' delay. See, e.g., Sandidge and In re Alcoholic Beverages Seized From Saul's Elks Club v. Cobb, 440 So.2d 65 (Fla. 1st DCA 1983). Universal's response to the sheriff's argument in regard to the necessity of time for pretrial investigation is that a state agency must accept responsibility, if it is willing to seize property, to promptly justify that seizure.
As pointed out by Universal, Sandidge is distinguishable from the instant situation. There, we were not confronted with a claimant to property who affirmatively sought a prompt hearing, but with one who waited and raised delay only as a defensive matter to a forfeiture action initiated by the state attorney. The validity vel non of the statutory prohibition against the initiation of replevin or any other proceeding by the claimant was not raised, or considered, in Sandidge, nor, for that matter, in Cobb. The issue in Sandidge and in Cobb was whether or not the six-month delay between seizure and filing, absent any showing of prejudice by the claimant  or demand for hearing  would automatically defeat the forfeiture action because of a failure by the state attorney to "promptly proceed" as required by section 932.704. The issue here is different.
Universal properly distinguishes Ethiopian Zion on the basis that it concerned marijuana plants, which are contraband per se. The mere possession of such an item is violative of state criminal law  hence, replevin will not lie. The Oldsmobile herein at issue is not contraband per se.
We do not agree that the two Third District cases upon which the sheriff relies support his position. Golding arose prior to the 1980 amendment to the Florida Contraband Act.[2] It concerned a seizure, pursuant *631 to warrant, of an attache case containing $201,500.00 in currency and a raincoat. Golding filed a motion with the circuit court, criminal division, seeking return of the property. This motion was denied on the basis that, since there was no pending criminal action arising from the seizure, Golding's exclusive remedy was an action in replevin. Golding appealed and the appellate court concluded that the magistrate or judge before whom the search warrant was returned had jurisdiction to entertain the motion and to grant the accelerated relief contemplated by section 933.14, independent of a civil action for replevin. In fact, the filing of a replevin action by Golding during appeal was held not to render his appeal moot.
In Sawyer v. Gable, 400 So.2d 992 (Fla. 3d DCA 1981), which also predates the current statute, as amended in 1980, an airplane and load of marijuana were seized from Sawyer and he was charged with trafficking. The criminal charge subsequently was dismissed. Sawyer then moved in the dismissed criminal case for the return of his airplane. The trial court ruled that it lacked jurisdiction to entertain such a motion, and Sawyer petitioned the appellate court for a writ of mandamus.
Judge Pearson, writing for the majority in Sawyer, noted that execution of a search warrant in a case where the offense is a felony requires that a return be made to circuit court. Therefore, under section 933.14(1), Florida Statutes (1979), the circuit judge to whom the return was made had statutory authority to order a return of the property taken. Implicit in such authority is the right of the person from whom the property was seized to move for its return. See Harvey v. Drake, 40 So.2d 214 (Fla. 1949). Judge Pearson then wrote:
It is not, of course, a prerequisite to a motion for return of property that a criminal prosecution be brought following the seizure of the property. Harvey v. Drake, supra; Golding v. Director, Public Safety Department, Metropolitan Dade County, 400 So.2d 990 (Fla. 3d DCA 1981). However, once a criminal prosecution is instituted, the court in which that prosecution is pending acquires jurisdiction over that property to hear and determine all questions concerning its ownership if the property seized has an evidentiary purpose. Garmire v. Lake, 265 So.2d 2 (Fla. 1972). If, on the other hand, the property seized is not held as evidence or no criminal prosecution ensues, then the court to which the warrant and property are returned obtains jurisdiction to order its return. Harvey v. Drake, supra; Golding v. Director, supra.

400 So.2d at 994.
The pendency of the criminal charge, with which the seizure of the property is inextricably related, gives the judge in that case a priority in jurisdiction over other courts of concurrent jurisdiction, irrespective of whether the property is being held as evidence in that case. See Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972); Adams v. Burns, 126 Fla. 685, 172 So. 75 (1936). As observed by Judge Pearson, this rule of law is designed to prevent inconsistent and clashing results between divisions of courts (criminal and civil) of concurrent jurisdiction. Therefore, based on considerations of judicial economy and consistency, the Third District held that the court having jurisdiction of the criminal *632 offense in which the search warrant issued should be the one to determine a motion to return the seized property  and that jurisdiction is not divested by dismissal of the criminal charge because of the inherent power of the court in regard to evidentiary items. See Garmire. Once the state initiates forfeiture proceedings, that would be the proper court for a defendant to assert his right to the return of his property. Conversely, the state could assert its forfeiture rights in response to a motion for return of property.
Sawyer, as we previously noted, does not deal with the 1980 amendment to Chapter 943, which purports to prohibit replevin and other actions except one for forfeiture by the state attorney. But we find significant language in Sawyer touching upon the validity of this amendment:
If, in fact, Sawyer is entitled to the return of his property, to deprive him of its prompt return awaiting the State's unilateral decision to file forfeiture proceedings would be intolerable. It should be obvious that a person who asserts that the State is unlawfully holding his property would be deprived of due process if the law did not afford him a prompt hearing on his assertion.
400 So.2d at 997. This is the situation with which we are now confronted, and we agree with Judge Pearson's postulation. Universal has asserted its right to a prompt hearing. It has done so in the context of a state forfeiture statute which prohibits all actions concerning the seized property except one by the state attorney, and which has no time limit for the initiation of such an action. This purported prohibition is invalid on due process grounds. Teitel Film Corp. v. Cusack, 390 U.S. 139, 88 S.Ct. 754, 19 L.Ed.2d 966 (1968); Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed.2d 649 (1965). It is also violative of the access provision found in Article I, Section 21, Florida Constitution (1968). We hold the following sentence in section 932.703(1), Florida Statutes (1983), to be unconstitutional:
Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act.
Where property is seized under the Forfeiture Act without a warrant, the correct remedy for the claimant prior to the filing of either a criminal charge arising in connection with the seizure or a forfeiture action pursuant to section 932.704, is an action in replevin. Otherwise, the claimant's remedy, as in Golding and Sawyer, is a motion for return of the property directed to the appropriate criminal court judge  the issuing magistrate receiving the search warrant return or the judge presiding once a criminal charge is filed, even if that charge is subsequently dismissed.
In Garmire v. Red Lake, 265 So.2d 2 (Fla. 1972), the Florida Supreme Court held that a criminal court has inherent authority and jurisdiction to determine the disposition of property confiscated temporarily for evidentiary purposes. The opinion states:
We do not believe the civil courts should be permitted, as here attempted, to cross over and intrude in criminal matters pending within the jurisdiction of the criminal courts. It would seriously conflict with and hamper criminal processes if evidence or contraband seized for criminal trials or purposes could be made the subject of recovery proceedings in the civil courts through procedures bypassing the criminal courts.
This does not mean that persons claiming money or other things of value held in custodia legis in a criminal court for evidentiary or other purposes should be without remedy. It simply means that the criminal courts have inherent jurisdiction on proper application of claimants for such items and upon due notice to the state and others of interest to determine questions concerning the ownership as well as the appropriate time to release such items held in custodia legis by the criminal courts.
265 So.2d at 4-5.
The remedy for the true owner of such property, according to Garmire, is to apply *633 to the criminal court having initial jurisdiction over the property for its return, with due notice to the state attorney and other interested parties. The problem arises when property is seized without a warrant, is not held for evidence pursuant to a pending or prospective criminal action, and no forfeiture action has been filed by the state attorney. From the record before us, that appears to be the situation in the instant case. The sheriff herein relied solely on the statutory prohibition against replevin in section 932.703(1), Florida Statutes (1983), to support his motion to dismiss. In denying that motion, the trial court, by implication, held such prohibition invalid. We agree with that conclusion for the reasons heretofore expressed.
Based upon the record presented to us in this case, it appears that the vehicle was not seized pursuant to the execution of a search warrant and that no criminal charge relative to that seizure was pending at the time Universal initiated its replevin action.[3] Nor was the vehicle being held by the sheriff for evidentiary purposes relative to an imminent criminal prosecution; rather, it was being held because of the prospect of "possible forfeiture proceedings," according to the sheriff's motion to dismiss. Under these factual circumstances, we find that the trial judge was correct in denying the motion to dismiss.
As we interpret this record, the show cause hearing of August 26 resulted in a factual determination by the trial judge, pursuant to section 78.067, Florida Statutes (1983), that the plaintiff, with reasonable probability, was entitled to the possession of the vehicle pending final adjudication  but, in effect, was willing to reconsider his denial of the motion to dismiss if the state filed its forfeiture action within a week. Such reconsideration, in light of our opinion herein, would have been error. It did not occur, however, since the sheriff did not take up the trial judge's offer.
The issue at trial of the replevin action will be whether or not the sheriff is entitled to forfeiture pursuant to Chapter 932, provided that issue is raised as an affirmative defense and counterclaim[4] by the sheriff.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Section 78.067(2) states in part:

If the court determines that the plaintiff is entitled to take possession of the claimed property, it shall issue an order directing the clerk of the court to issue a writ of replevin.
[2] In 1979, the relevant provision of the Act was numbered 943.43 and provided:

Forfeiture of vessel, motor vehicle, or aircraft; exceptions.  Any vessel, motor vehicle, or aircraft which has been or is being used in violation of any provision of s. 943.42 or in, upon, or by means of which, any violation of said section has taken or is taking place shall be seized and may be forfeited. No vessel, motor vehicle, or aircraft used by any person as a common carrier in the transaction of business as a common carrier nor any other vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44, unless the owner or person legally in charge of such vessel, motor vehicle, or aircraft was at the time of the alleged illegal act a consenting party or privy thereto. No vessel, motor vehicle, or aircraft shall be forfeited under the provisions of ss. 943.41-943.44 by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, motor vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of this state or any political subdivision thereof, any other state, or the United States.
[3] If, in fact, a criminal charge against Lisco resulting from this incident was pending as of July 29, 1983, then the sheriff can have the present action transferred to the criminal court for treatment as an application for return of property pursuant to Florida Rule of Civil Procedure 1.060(a). In effect, this would be a common law plea in abatement known as autre action pendant.
[4] Failure by the sheriff to perfect his claimed title, as contemplated by section 932.704(1), Florida Statutes (1983), in the pending replevin action would foreclose any subsequent forfeiture action based on principles of collateral estoppel. See Husky Industries, Inc. v. Griffith, 422 So.2d 996 (Fla. 5th DCA 1982).