479 So.2d 109 (1985)
Lawson L. LAMAR, Sheriff of Orange County, Florida, Appellant,
v.
UNIVERSAL SUPPLY COMPANY, INC., Appellee.
No. 65551.
Supreme Court of Florida.
November 27, 1985.
Peggy M. Morris, Asst. Staff Atty., Orlando, for appellant.
Hal Roen, Orlando, for appellee.
ADKINS, Justice.
We have for review a decision of the District Court of Appeal, Fifth District, which declared invalid a state statute, section 932.703(1), Florida Statutes (1983). Lamar v. Universal Supply Co., 452 So.2d 627 (Fla. 5th DCA 1984). We have jurisdiction under article V, section 3(b)(1), Florida Constitution. We quash the decision of the district court.
On July 22, 1983, appellant, the sheriff of Orange County, seized a 1980 Oldsmobile owned by appellee, Universal Supply Co., Inc. (hereinafter Universal), pursuant to the Florida Contraband Forfeiture Act, sections 932.701-.704, Florida Statutes (1983). The vehicle was alleged to have been used in the commission of a felony by one of Universal's corporate officers. Universal was notified shortly after the seizure that a forfeiture investigation was in progress regarding the subject vehicle.
Universal filed a replevin action on July 29, seven days after the seizure, seeking to compel return of the vehicle. The sheriff responded with a motion to dismiss based on section 932.703(1), Florida Statutes (1983). That section provides:
(1) Any ... motor vehicle ... which has been or is being used in violation of any provision of s. 932.702 ... shall be seized. All rights and interests in and *110 title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights and interest in accordance with this act. Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act.

(Emphasis added.) The only action for recovery of property provided in the act is by a state attorney for the benefit of the state. § 932.704(1), Fla. Stat. (1983).
On appeal, the sheriff contended that (1) an action in replevin is prohibited by section 932.703(1) and (2) the trial court's failure to comply with the procedural requirements of section 78.067, Florida Statutes (1983), which directs issuance of a writ of replevin by the clerk of the court to the sheriff, rendered the writ void. The district court held that the prohibition of section 932.703(1) was invalid as violative of both due process and the access to courts provision of article I, section 21, Florida Constitution. With regard to the sheriff's second argument, the court held the writ properly issued, reasoning that the trial court could directly issue any writ authorized to be issued by the clerk. The district court also noted that it was proper for the trial court to issue the writ directly when the sheriff was a defendant, rather than have the clerk issue the writ to the sheriff for execution against himself.
For the reasons stated below, we find the district court in error on both points.
The salutary purpose of section 932.703(1) is to prevent a claimant from precipitating litigation over the seized property by forcing the state to file an immediate forfeiture action before it has had adequate opportunity to fully investigate and prepare its case. That is not to say, however, that a claimant is wholly without recourse regarding his interest in the property. We agree with the proposition that "[a] person who asserts that the State is unlawfully holding his property would be deprived of due process if the law did not afford him a prompt hearing on his assertion." Sawyer v. Gable, 400 So.2d 992, 997 (Fla. 3d DCA 1981). The seizure of property pursuant to a forfeiture statute constitutes an extraordinary situation in which postponement of notice and hearing until after seizure does not deny due process. Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). The due process rights of claimants are adequately protected, therefore, by the requirement that the state attorney promptly file a forfeiture action following seizure. § 932.704(1), Fla. Stat. (1983).
It is well established that the allowance of a reasonable period of time following seizure for investigation and processing may permissibly delay the initiation of forfeiture proceedings. See, e.g., United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir.1975). Whether such a delay is reasonable is a question of fact to be determined on a case-by-case basis. Sandidge v. State ex rel. City of Oviedo, 424 So.2d 152, 153 (Fla. 5th DCA 1983). Lower courts in this state have held that a delay of six months in Sandidge and three months in In re Alcoholic Beverages Seized From Saul's Elks Club on June 30, 1982, 440 So.2d 65 (Fla. 1st DCA 1983), between seizure and filing of a forfeiture action were not unreasonable. Federal decisions construing similar language in federal forfeiture acts are in accord. See United States v. One Motor Yacht Named Mercury; United States v. One 1978 Cadillac Sedan Deville, 490 F. Supp. 725 (S.D.N.Y. 1980); United States v. One 1973 Ford LTD, 409 F. Supp. 741 (D.Nev. 1976).
Universal relies in part on United States v. Eight Thousand Eight Hundred and Fifty Dollars, 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983), in support of its position that due process requires that a claimant be entitled to compel either the filing of a forfeiture action or return of the seized property. That reliance is misplaced. The Court in Eight Thousand merely recognized that certain federal forfeiture statutes allow a claimant to initiate administrative proceedings and prompt the adjudicatory process. Nothing in the Court's opinion, nor in the state or federal *111 constitutions, suggests the result which Universal seeks. The reasonably prompt filing of a forfeiture action is all that due process requires.
In reaching its decision below, the district court attempted to distinguish between one who asserts the promptness issue defensively and one who brings a replevin action offensively, finding that the former did not raise a question as to the validity of the forfeiture statute. 452 So.2d at 630. We find this distinction untenable. The point at issue under both circumstances is whether the claimant's due process rights have been violated by an unreasonable delay in securing a judicial determination of his rights in the seized property. We hold that due process is met provided that the claimant is afforded a reasonably prompt hearing as required by section 932.704(1), Florida Statutes (1983). In view of state and federal decisions noted above, which have held periods of up to six months not unreasonable, we cannot say that the period of several weeks which elapsed in this case has violated Universal's rights.
This does not mean, however, that the state need not diligently pursue the filing of a forfeiture action following a seizure under the act. We approve the views expressed in In re Alcoholic Beverages where, in comparing the state and federal forfeiture statutes, the Court said:
That there is no corresponding Florida remission procedure is all the more reason to place firmly upon the state a burden of explaining and justifying any delay of significant time... . Since important property rights are compromised by seizure, the burden of proceeding promptly or of justifying delay must necessarily be upon the state, and that burden is not carried by a simple assertion that the owner has not demonstrated prejudice... .
440 So.2d at 67-68. In order to prevail, the state must ensure that the record contains explicit evidence accounting for periods of delay in bringing the forfeiture action and must detail the justification for such delay. Id.
Because the Florida Contraband Forfeiture Act does not operate to deny a claimant his day in court, the district court's finding of a violation of the access to courts provision, article I, section 21, Florida Constitution, is without merit.
Having found that Universal was improvidently granted a writ of replevin, we are not required to address the procedural validity of that writ. We do note, however, that section 78.067 prescribes a mandatory procedure for issuance of a writ of replevin, regardless of whether the sheriff is a party defendant.
The decision of the district court is reversed and the cause is remanded for proceedings consistent with this opinion.
It is so ordered.
McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, J., concurs in result only.
BOYD, C.J., dissents with an opinion.
BOYD, Chief Justice, dissenting.
Because the Court today approves a deprivation of property without due process of law in violation of basic principles embodied in the United States and Florida Constitutions, I have no alternative but to most emphatically dissent. The trial court was correct in denying the sheriff's motion to dismiss the replevin action and in granting the writ of replevin to the owner. The district court of appeal was correct in affirming the trial court. The district court's decision should be approved.
The majority opinion reasons that when the state seizes private property, it is permissible to deny the owner the right to a judicial determination of ownership because such judicial determination will eventually be made when the state initiates forfeiture proceedings. The majority relies on the argument that the state needs time for processing and investigation. I would require the state to do its investigating before seizing any private person's property and to be ready to immediately respond to judicial inquiry into the legality of the seizure.
*112 The safeguard relied upon by the Court, of a "reasonably prompt filing of a forfeiture action," is no safeguard at all because, under the court's holding, there is no procedure available by which a rightful owner of wrongfully seized property can compel the prompt initiation of such proceedings.
An automobile used in business represents a capital investment upon which the business entity owning the automobile must earn a return or else the continued existence of the business entity will be jeopardized. To be deprived of the use of such a capital asset for a few days or weeks is a deprivation of property that we might be able to tolerate. To allow the state six months to determine whether it can make a case for forfeiture under the law is a deprivation that we must not tolerate. The Court's decision represents an abdication of the responsibility of judicial institutions to defend people against government tyranny.
I would hold that the writ of replevin is immediately available as a procedure for judicial inquiry into the legality of any seizure of property by the state.