THREADGILL, Judge.
Vincent Kosel appeals the denial of his motion for summary judgment in a forfeiture action filed by the City of Largo. We have jurisdiction of this nonfinal order determining the right to immediate possession of property pursuant to rule 9.130(a)(3)(C)(ii), Florida Rules of Appellate Procedure. Because a court of competent jurisdiction had already ordered the return of some of the items listed in the forfeiture petition, and the appellant had timely raised the previous order as an affirmative defense, we find the motion for summary *1129 judgment should have been granted as to those items. We therefore reverse.
On November 7, 1987, Largo city police officers executed a search warrant on a home in Pinellas County and seized narcotics, currency and other property, including that here at issue. The appellant was charged with several felony offenses on the basis of the narcotics found in the home, thereby subjecting the named items to the forfeiture provisions of section 932.-703, Florida Statutes (1987).
On February 22, 1988, the appellant pled guilty to the criminal charges pursuant to a plea agreement which included the condition that the items taken from him would be returned. After being informed by the assistant state attorney that no forfeiture proceeding had been instituted, the criminal court, Judge Luce presiding, accepted the appellant’s plea and ordered the return of the requested property. See § 933.14, Fla.Stat. (1987). A written order returning certain property, including $5,120 in currency, a tool box and tools, and a Tarus 9mm automatic pistol, was signed by Judge Luce on March 2, 1988, and a copy was furnished to the City of Largo, which took no action to appeal or intervene in the criminal proceedings.
Apparently unknown to those present at the plea hearing, the City of Largo had initiated this forfeiture action in the civil division of the same circuit three days earlier. On March 28, 1988, the civil court judge entered an order for the appellant to show cause why his property should not be forfeited. The appellant timely responded, denying that the property was subject to forfeiture and raising estoppel, based on the return order of the criminal court, as an affirmative defense. Subsequently, the appellant moved for summary judgment. On August 19, the civil court, Judge Case presiding, denied summary judgment and entered an order vacating the March 2 return order of the criminal court. It is this order that is before us.
The central issue presented is whether the untimely filing of a forfeiture action in the civil division divests the criminal court which issued the search warrant of authority to dispose of the property seized thereunder. Although it seems quite apparent from the transcript that the criminal court would not have returned the property had it been aware of the pending forfeiture, the validity of the court’s order depends on whether it had jurisdiction over the property at the time the plea was accepted and the order was issued.
It is well-established that where a criminal prosecution has begun, the criminal court acquires jurisdiction over any seized articles which have evidentiary value, and thus has authority to determine questions concerning ownership even after the conclusion of the underlying criminal prosecution. Garmire v. Red Lake, 265 So.2d 2 (Fla.1972); Sawyer v. Gable, 400 So.2d 992 at 995 (Fla. 3d DCA 1981). See also Adams v. Burns, 126 Fla. 685, 172 So. 75 (1936). As the supreme court stated in Garmire:
We do not believe the civil courts should be permitted, as here attempted, to cross over and intrude in criminal matters pending within the jurisdiction of the criminal courts....
[Cjriminal courts have inherent jurisdiction on proper application of claimants for such items and upon due notice to the state and others of interest to determine questions concerning the ownership as well as the appropriate time to release such items held in custodia legis by the criminal courts.
265 So.2d 2, 4-5.
Because the criminal court initially had jurisdiction to dispose of the property seized pursuant to its search warrant, we must consider how that authority might have been superceded. In denying summary judgment and vacating the criminal court order, the civil court relied upon that portion of section 932.703(1) which generally prohibits replevin or any other action for recovery of property subject to forfeiture.[1]
*1130 The court does not, however, appear to have considered the 1985 amendment to section 932.703(1) which limits the prohibition to instances where forfeiture has been filed by the state within ninety days of the seizure. Ch. 85-316, § 1, 1985 Fla.Laws 1922. Here, the city did not initiate forfeiture proceedings until 104 days after the initial seizure.
Chapter 85-316 was enacted after the Fifth District Court of Appeal held unconstitutional that part of section 932.703(1), Florida Statutes (1983), which prohibited any action for recovery of seized property subject to forfeiture under the Florida Contraband Forfeiture Act, sections 932.701-932.704. Lamar v. Universal Supply, Inc., 452 So.2d 627 (Fla. 5th DCA 1984), rev’d, 479 So.2d 109 (Fla.1985). At the time the statute was amended, the fifth district decision was on appeal and pending before the Florida Supreme Court. See Staff of Fla.S.Comm. on Judiciary-Crim., CS/SB 658 (1985), Staff Analysis 1, (2d rev. May 27, 1985), (on file in state archives). Shortly after the effective date of the amendment, the supreme court rendered its decision in the Lamar appeal, reversing the fifth district and holding that due process was satisfied by the requirement in section 932.704(1) that the state attorney “promptly proceed” against the contraband. Lamar v. Universal Supply Co., Inc., 479 So.2d 109, 111 (Fla.1985).
In Lamar, the property owner had filed a replevin action seven days after the seizure. The supreme court found that the state’s failure to file before that time was not unreasonable and cited cases finding delays of three and six months to be reasonable. 479 So.2d at 110. The court did not delineate any specific time period that would satisfy the requirement that the state “promptly proceed” against the contraband, nor did it address the 1985 legislative amendment limiting the bar against actions for recovery to ninety days after the initial seizure. We appear to have before us a case of first impression regarding interpretation of the 1985 amendment.
The polestar of statutory construction is always legislative intent, Lowry v. Parole and Probation Comm’n, 473 So.2d 1248 (Fla.1985), and the plain language of the statute is the first consideration in divining intent, St. Petersburg Bank and Trust Co. v. Hamm, 414 So.2d 1071 (Fla.1982). Here, the title of the act states that the act authorizes actions for recovery “if forfeiture proceedings are not instituted within a specified period_” 1985 Fla.Laws 1922. We note that had the legislature intended to limit this provision to replevin actions, it could have so stated, thereby excluding actions such as that before us under the doctrine of statutory construction which holds that the mention of one thing implies exclusion of another. Powerhouse Condominium, Inc. v. Millman, 475 So.2d 674 (Fla.1985).
While staff analyses of pending legislation are not determinative of the legislative intent, they are often relevant to such a determination. See e.g., Ivey v. Chicago Insurance Co., 410 So.2d 494, 497 (Fla. 1982); Department of Health and Rehabilitative Services v. Shatto, 487 So.2d 1152 (Fla. 1st DCA 1986); Florida Medical Center v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983). The revised staff analysis prepared on the 1985 amendment to section 932.703(1) expressly states that the provision here at issue “is an attempt to remedy the [fifth district] Lamar concerns by insuring that due process protections are extended to the property owner.” Staff of Fla.S.Comm. on Judiciary-Crim., CS/SB 658 (1985), Staff Analysis 3, (2d rev. May 27, 1985), (on file in state archives).
On these bases we think it apparent the intent of the legislature was to provide sufficient due process safeguards to ensure that the statute would pass constitutional scrutiny. While the supreme court, in addressing these concerns, later held that due process was satisfied by the language in section 932.704(1) that the state “promptly proceed against the contraband,” the legislature went further by setting a specific limit on “reasonably prompt.”
*1131 While the statute does not bar the state from filing for forfeiture beyond the ninety-day period, if the state has not filed a petition during that time, the defendant may seek recovery in another court of competent jurisdiction. The statute contains no other provision which would otherwise relieve the criminal court of its original jurisdiction to issue valid orders in cases pending before it.
In this case, we are also persuaded by the fact that the city was adequately represented by the state attorney at the criminal court hearing when the appellant moved for return of the property. The state, in whom title to the property vested at seizure, § 932.703(1), could have asserted the city’s rights, see Lamar, 452 So.2d at 632, Sawyer, 400 So.2d at 997, but agreed to the return of the appellant’s property as a condition of the plea agreement. Pursuant to article V of the Florida Constitution, the state is designated to act for the city in all criminal matters.
Moreover, we note that the city not only failed to file a petition for forfeiture, or to even inform the state attorney of an intent to do so, within the ninety-day period, but also failed to include in the record any evidence to explain the delay. In Lomar, the supreme court held that the state must justify any significant delay in filing for forfeiture by ensuring that the record contain detailed evidence accounting for the delay. 479 So.2d at 111 (citing with approval In re Alcoholic Beverages Seized From Saul’s Elks Club on June SO, 1982, 440 So.2d 65 (Fla. 1st DCA 1983)).
While we have some concerns with the practical effect of this decision, we hope to encourage the filing of forfeiture actions within the time limits set by the legislature or, at a minimum, to encourage sufficient communication between those entities filing for forfeiture of contraband and the prosecutors who may have evidentiary use for that same contraband so that situations such as that before us may be avoided. This seems particularly desirable as there is no other apparent obstacle which would prevent a city from disposing of forfeited contraband which may subsequently be needed in a criminal prosecution.
We also hope to promote certainty of judicial orders which might otherwise suffer when related cases are later filed in other divisions. Affirmance could render the 1985 amendment meaningless, or arbitrary in enforcement, and would not encourage due process, as the entity seeking forfeiture could then define “promptly” however it might wish, so long as it filed for forfeiture before any interest holder took legal action for recovery. We also note that in this particular case, affirmance would not be in the interest of judicial efficiency as the appellant would most likely be entitled to withdraw his criminal plea which was based in part on the condition that his property be returned.
We find that the criminal court had jurisdiction to enter the order returning the property. Had the city filed within the time limit set by the legislature, the parties would have had proper notice and the criminal court would not have been misinformed about the filing of the forfeiture petition. See § 932.704(2), Fla.Stat. (1987). The civil court acted beyond its authority in vacating a valid order of the criminal court, and erred in denying the motion for summary judgment as it pertained to those items which were previously ordered returned by the criminal court. We therefore reverse the order denying the appellant’s motion for summary judgment.
Because, however, we believe the conflict of concurrent jurisdictions to be an issue of great public importance, we certify the following question to the Florida Supreme Court:
DOES A CIVIL FORFEITURE ACTION FILED PURSUANT TO SECTION 932.-703, FLORIDA STATUTES (1988), DIVEST A CRIMINAL COURT OF JURISDICTION OVER PROPERTY SEIZED PURSUANT TO A SEARCH WARRANT WHEN A PETITION FOR FORFEITURE IS FILED AFTER THE NINETY-DAY PERIOD SPECIFIED IN SECTION 932.703(1)?
Reversed and remanded.
*1132 HALL, J., concurs.
SCHOONOVER, A.C.J., concurs in result only.

. Section 932.703(1), Florida Statutes (1987), provides in relevant part: “Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceed *1130 ings are not initiated within 90 days after the date of seizure."