853 So.2d 371 (2003)
Joseph T. DeGREGORIO, Petitioner,
v.
William F. BALKWILL, etc., Respondent.
No. SC02-1161.
Supreme Court of Florida.
August 21, 2003.
*372 Susan J. Silverman, Sarasota, FL, for Petitioner.
Sarah E. Warren, Sarasota, FL, for Respondent.
CANTERO, J.
We review In re Forfeiture of One 1988 Lincoln Town Car, 826 So.2d 342 (Fla. 2d DCA 2002), which certified conflict with In re Forfeiture of One (1) 1994 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We must determine the effect of the deadlines for filing forfeiture complaints that sections 932.701(2)(c) and 932.704(4), Florida Statutes (1999), impose on state agencies that seize property. As explained below, we hold that such deadlines are mandatory.

I.
The Sheriff's office of Sarasota County investigated possible criminal activity involving *373 two vehicles, a grey 1986 Lincoln Town Car and a blue 1988 Lincoln Town Car, located on Petitioner Joseph T. DeGregorio's business property. The investigation revealed that the vehicle identification numbers on the cars had been altered. DeGregorio owned title to the 1986 Lincoln, but no record showed that the 1988 Lincoln was titled or registered in Florida.
In July 1999, the Sheriff seized both vehicles. Almost four months later, the Sheriff filed a complaint for forfeiture against the two vehicles under the Florida Contraband Forfeiture Act, sections 932.701-.707, Florida Statutes (1999) (the "Act"). The Sheriff later learned that in 1987, Budget Rent-A-Car of New York had reported the 1988 Lincoln stolen. The car never had been recovered. The Sheriff notified Budget of the seizure, and Budget released its interest to the Sheriff.
DeGregorio filed a claim to both vehicles in the forfeiture proceeding. To show his ownership, DeGregorio produced bills of sale from Tommy G's Auto Sales for both cars. He also produced a Florida vehicle registration for the 1986 Lincoln. He asserted that he neither knew nor should have known that the 1988 Lincoln was stolen or was contraband and that he was the true owner, as evidenced by the bill of sale. The Sheriff filed a motion to strike DeGregorio's answer for lack of standing as to the 1988 Lincoln. DeGregorio responded that he had standing because he was a bona fide purchaser for value. The trial court denied the Sheriff's motion to strike. DeGregorio then moved for summary judgment, asserting that because the Act required the Sheriff to file the forfeiture complaint within 45 days after the seizure and the complaint was filed after that deadline, the forfeiture should be dismissed. The trial court agreed, relying on One 1994 Honda Prelude, 730 So.2d at 334, and granted summary judgment in DeGregorio's favor.
The Sheriff appealed. The Second District reversed the summary judgment as it applied to the 1988 Lincoln because it concluded that DeGregorio lacked standing to assert a claim to the vehicle. Id. at 344. The court also held that the Act did not bar the Sheriff from initiating a forfeiture action more than 45 days after seizure. Id.

II.
When interpreting statutes and discerning legislative intent, courts must first look at the actual language of the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000). Legislative intent is determined primarily from the statute's language. Hayes v. State, 750 So.2d 1, 3 (Fla.1999). Moreover, because forfeiture actions are considered harsh extractions, this Court has long followed a policy of strictly construing forfeiture statutes. Byrom v. Gallagher, 609 So.2d 24, 26 (Fla. 1992); Dep't of Law Enforcement v. Real Prop., 588 So.2d 957, 961 (Fla.1991). Therefore, any ambiguity in the statute must be construed against forfeiture.
In deciding this case, we must interpret several provisions of the Act. Section 932.704(4) provides: "The seizing agency shall promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred." (Emphasis added.) Section 932.701(2)(c) defines "promptly proceed" as "to file the complaint within 45 days after seizure."
A separate provision also refers to this time limitation. Section 932.703 is entitled "Forfeiture of contraband article; exceptions." Subsection (3) provides:
Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except *374 as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 45 days after the date of seizure. However, if good cause is shown, the court may extend the aforementioned prohibition to 60 days.
(Emphasis added.) This section allows someone with an interest in seized property to file a replevin action if the seizing agency fails to file a complaint within 45 days after seizure (unless the court grants an extension to 60 days).
The Second District nevertheless concluded that none of these provisions, or any other, bars a seizing agency from initiating a forfeiture action more than 45 days after seizure. The court held that the time periods operate only as a temporary prohibition or limitation on replevin actions and other claims by third parties and not as a jurisdictional bar. One 1988 Lincoln Town Car, 826 So.2d at 344. The Fifth District held to the contrary in One 1994 Honda Prelude, 730 So.2d at 336. In that case, the seizing agency waited over ten months after the seizure to even notify the petitioner of the seizure. The Fifth District concluded that section 932.703(3) allows the trial court to extend the 45-day filing requirement to 60 days for good cause, but that this time period runs from the date of seizure. 730 So.2d at 336. The Fifth District held that the agency's failure to "promptly proceed" in its forfeiture of the vehicle required the vehicle's return to its owner. Id.
Section 932.704(4) plainly states that the seizing agency "shall promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred." Promptly proceed is defined in section 932.701(2)(c) as "to file the complaint within 45 days after seizure." Thus, to initiate a forfeiture proceeding against property, the Act requires the seizing agency to file a complaint within 45 days of seizure.
The only dispute here is whether the 45-day requirement is mandatory. The plain language of the statute answers that question. The statute uses the word "shall" to describe the seizing agency's duty to file the complaint. "Generally, where the word `shall' refers to some required action preceding a possible deprivation of a substantive right, the word is given its literal meaning." Stanford v. State, 706 So.2d 900, 902 (Fla. 1st DCA 1998) (relying on S.R. v. State, 346 So.2d 1018, 1019 (Fla.1977), and Neal v. Bryant, 149 So.2d 529, 532 (Fla.1962)). In Neal, we explained that in its normal usage, "shall" has a mandatory connotation. Id. Only when a particular provision relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the statute's directions are given merely with a view to the proper, orderly and prompt conduct of business is the provision generally regarded as directory. Id. (quoting Reid v. Southern Dev. Co., 52 Fla. 595, 42 So. 206 (1906)). "Most certainly, where the statute provides for the deprivation of a property right, the procedural requirements... in question cannot be regarded as an `immaterial matter' or a `matter of convenience rather than substance.'" Id.
Because the statute here provides for the deprivation of a property right, its procedural requirements cannot be regarded as immaterial or a matter of mere convenience. We hold that the requirement in section 932.704(4) to "promptly proceed" with a forfeiture action is mandatory, and that under section 932.701(2)(c), "promptly proceed" means what it says: "to file the complaint within 45 days after seizure."
*375 We note that in Real Property, we held the Act constitutional only because we read into it certain procedures necessary to protect due process rights. 588 So.2d at 968. Among other defects, we noted that "the Act does not set out any procedures for filing the [forfeiture] petition." Id. at 966. In 1992, the Legislature substantially amended the Act in reaction to Real Property.[1] Among other things, the changes added the current definition of "promptly proceed" as the term is used in section 932.704(1), which provides that the state attorney "shall promptly proceed against the contraband article." See ch. 92-54, § 1, Laws of Fla. The Legislature also amended section 932.703(3), which allowed an action for replevin if forfeiture proceedings were not initiated within 90 days after seizure, to allow a replevin action after only 45 days. See id. § 3. Therefore, in addition to the plain language of the statute, because the 1992 amendments were intended to remedy procedural defects in the Act, and because the amendments provide a more structured framework for forfeiture actions, we conclude that the Legislature intended that the seizing agency's obligation to file a forfeiture complaint within 45 days of seizure is mandatory.
Several states have interpreted their forfeiture statutes in the same manner. For example, in State v. 1978 LTD II, 216 Mont. 401, 701 P.2d 1365 (1985), the Supreme Court of Montana interpreted a statutory provision requiring that a "seizing agency who seizes any property ... under the provisions of this chapter, shall, within 45 days of the seizures, file a notice of the seizure and intention to institute forfeiture proceedings with the clerk of the district court of the county in which the seizure occurs." Mont.Code § 44-12-201 (1984). Finding that the "language of this statute is mandatory," and that there was no provision for an extension of the time limit, the Montana court concluded that the notice of seizure and intent to initiate forfeiture proceedings must be served on the owners of the property within 45 days. 1978 LTD II, 701 P.2d at 1365. The court also noted that because such seizures are ex parte, the statutory safeguards should be rigidly adhered to. See id.
In concluding that the language of the statute is mandatory, the Montana court relied on State v. Rosen, 72 Wis.2d 200, 240 N.W.2d 168 (1976). In Rosen, the forfeiture statute at issue required that the "district attorney ... shall commence the forfeiture action within 15 days after the seizure of the property." Wis. Stat. § 161.555(2)(a) (1973) (emphasis added). The Supreme Court of Wisconsin concluded that the "nature and scope of the forfeiture action, as well as consideration of the interests of the state and the property owner, lead us to conclude that the provisions of [the forfeiture statute] must be considered mandatory." Rosen, 240 N.W.2d at 172.
Likewise, in Haina v. Commonwealth, 235 Va. 571, 369 S.E.2d 401, 404 (1988), the Supreme Court of Virginia interpreted a statutory provision providing for the forfeiture of all motor vehicles used in connection with the illegal manufacture, sale, or distribution of controlled substances. The statute required that within 60 days after receiving notice of the seizure of any such vehicle, the Commonwealth's attorney "shall file, in the name of the Commonwealth, an information against the seized property, in the clerk's office of the circuit court of the county ... wherein the seizure *376 was made." Va.Code § 4-56(d) (1984) (emphasis added). Relying on an earlier case which considered the effect of an untimely information, the court found that the failure of the Commonwealth's attorney to file within the prescribed time rendered the information "a nullity ... the same as if no information had been filed." 369 S.E.2d at 404 (quoting Cason v. Commonwealth, 181 Va. 297, 24 S.E.2d 435, 438 (1943)). Because the information was untimely filed, the court reversed the order of forfeiture and remanded to the trial court to restore the seized property to its owner. Haina, 369 S.E.2d at 404. Thus, our holding today is consistent with that of other states that have considered similar statutes.
The parties also dispute the remedy available when the seizing agency fails to file the complaint within 45 days of seizure. Because the statute must be strictly construed, it follows that if the seizing agency fails to file the complaint within the prescribed time, the forfeiture proceeding can be dismissed on the claimant's motion. Where the seizing agency fails to file any action at all, section 932.703(3) allows a claimant to file a replevin action to recover the property.[2] If a potential claimant could not seek to dismiss a late-filed forfeiture complaint, the statute's mandate that such complaints be filed "promptly" would be rendered illusory.

III.
Accordingly, we quash the Second District's decision, approve the decision of the Fifth District in One 1994 Honda Prelude, and remand to the district court for proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., and PARIENTE and QUINCE, JJ., concur.
WELLS, J., dissents with an opinion, in which LEWIS and BELL, JJ., concur.
WELLS, J., dissenting.
I dissent because I find that the Second District's decision in this case is consistent with our prior case law in respect to sections 932.701-.704, Florida Statutes (Florida Contraband Forfeiture Act), and that the Fifth District's decision in In re Forfeiture of One 1994 Honda Prelude, 730 So.2d 334 (Fla. 5th DCA 1999), is in conflict with our case law. Therefore, I would approve the Second District and disapprove the Fifth District's case.
I find Judge Threadgill's opinion in In re Forfeiture of $7,750.00 in United States Currency, 546 So.2d 1128 (Fla. 2d DCA 1989), to be very helpful in a correct understanding of the history of this law. From that opinion I see that the issue in this case as to the construction of this statute traces to the amendment of the Forfeiture Act in 1980 and to the Fifth District's decision in Lamar v. Universal Supply Co., 452 So.2d 627 (Fla. 5th DCA 1984) (Lamar I), rev'd, 479 So.2d 109 (Fla. 1985).
In Lamar I, the Court dealt with the constitutionality of the statute as amended effective July 1, 1980. That version of the statute contained, as part of sections 932.703 and 932.704, two provisions which are pertinent to understanding the issue in the present case. Section 932.703 contained the provision:
Neither replevin nor any other action to recover any interest in such property *377 shall be maintained in any court, except as provided in this act.
And in section 932.704 was the provision:
[The] state attorney ... shall promptly proceed against the contraband....
The facts of Lamar I were that the Sheriff of Orange County had seized a vehicle on July 22, 1983. On July 29, seven days after the seizure, the owner of the vehicle filed a replevin action against the sheriff, seeking return of the vehicle. The sheriff moved to dismiss the replevin action. The trial court denied the motion to dismiss on August 29, ordering the sheriff to either file a forfeiture action against the vehicle before September 3 or return the vehicle to the owner.
The argument of the sheriff was that pursuant to the forfeiture act, a replevin would not lie and that the return of the vehicle could only be accomplished by successfully terminating a forfeiture action. The sheriff declined to file the forfeiture action and appealed the August 29 order for return of the vehicle.
The Fifth District stated that the situation which called into question the constitutionality of the forfeiture statute was that (1) the forfeiture statute vests title to contraband articles in the seizing law enforcement agency upon seizure (now section 932.703(1)(c), Florida Statutes); (2) the owner from which the vehicle had been seized asserted a right to a prompt hearing; and (3) the statute prohibited all actions concerning the seized property except by the State, and there was no time requirement for the State to bring a forfeiture action. Because there was no time limitation for the owner to pursue an action to get the seized property back from the State, the Fifth District held unconstitutional the sentence which banned replevin or any other action to recover such property. The Fifth District then held:
Where property is seized under the Forfeiture Act without a warrant, the correct remedy for the claimant prior to filing either a criminal charge arising in connection with the seizure or a forfeiture action pursuant to section 932.704 is an action in replevin.
452 So.2d at 632. The Fifth District thereby held that the trial court was correct in denying the motion to dismiss and that the replevin action should proceed.
In Lamar v. Universal Supply Co., 479 So.2d 109 (Fla.1985) (Lamar II), this Court reversed the Fifth District. We held that the purpose of section 932.703(1) was "to prevent a claimant from precipitating litigation over the seized property by forcing the state to file an immediate forfeiture action before it has had adequate opportunity to fully investigate and prepare its case." Id. at 110. We went on to state, however, there would be a deprivation of due process if the law did not afford a prompt hearing for the claimant on his assertion that the property had been wrongfully seized. Then this Court said:
It is well established that the allowance of a reasonable period of time following seizure for investigation and processing may permissibly delay the initiation of forfeiture proceedings. See, e.g., United States v. One Motor Yacht Named Mercury, 527 F.2d 1112 (1st Cir.1975). Whether such a delay is reasonable is a question of fact to be determined on a case-by-case basis. Sandidge v. State ex rel. City of Oviedo, 424 So.2d 152, 153 (Fla. 5th DCA 1983[1982]). Lower courts in this state have held that a delay of six months in Sandidge and three months in In re Alcoholic Beverages Seized from Saul's Elks Club on June 30, 1982, 440 So.2d 65 (Fla. 1st DCA 1983), between seizure and filing of a forfeiture action were not unreasonable. Federal decisions *378 construing similar language in federal forfeiture acts are in accord. See United States v. One Motor Yacht Named Mercury; United States v. One 1978 Cadillac Sedan Deville, 490 F.Supp. 725 (S.D.N.Y.1980); United States v. One 1973 Ford LTD, 409 F.Supp. 741 (D.Nev.1976).
Id. at 110 (emphasis added). This Court then found that a writ of replevin was improvidently granted, id. at 111, because the period of time that the owner was prevented from bringing a replevin action was not unreasonable.
The import of this finding for the purpose of the analysis here is that though the statute at that time, as now, had the "shall promptly proceed" language, that language concerned the period of time in which the owner was prevented from bringing a replevin action. Plainly, the State could still proceed with the forfeiture, whether or not the State proceeded promptly. It must be recognized that title vests in the State by operation of law upon seizure. Court proceedings perfect that title. The statute was not at the time of this Court's Lamar decision considered or contended to have any bar to the State perfecting title, even if the State did not proceed promptly. The statute contains no language which suggests such a bar. The bar to proceeding in court was as to the person or entity from whom the property was seized. For a reasonable period of time that person or entity could not proceed in court to attempt to recover title to the property.
Between the time of the Fifth District's decision and this Court's decision in Lamar II, the Legislature amended section 932.703(1) to read:
Neither replevin nor any other action to recover any interest in such property shall be maintained in any court, except as provided in this act; however, such action may be maintained if forfeiture proceedings are not initiated within 90 days after the date of seizure.

§ 932.703(1), Fla. State. (1987) (emphasis added).
Judge Threadgill's opinion in Forfeiture of $7,750, 546 So.2d at 1130-31, explains the history and comes to a correct conclusion about this effect of the "shall promptly proceed" language in the statute:
Chapter 85-316 was enacted after the Fifth District Court of Appeal held unconstitutional that part of section 932.703(1) Florida Statutes (1983), which prohibited any action for recovery of seized property subject to forfeiture under the Florida Contraband Forfeiture Act, sections 932.701-932.704. Lamar v. Universal Supply, Inc., 452 So.2d 627 (Fla. 5th DCA 1984), rev'd, 479 So.2d 109 (Fla.1985). At the time the statute was amended, the fifth district decision was on appeal and pending before the Florida Supreme Court. See Staff of Fla. S. Comm. on Judiciary-Crim., CS/SB 658 (1985), Staff Analysis 1 (2d rev. May 27, 1985), (on file in state archives). Shortly after the effective date of the amendment, the supreme court rendered its decision in the Lamar appeal, reversing the fifth district and holding that due process was satisfied by the requirement in section 932.704(1) that the state attorney "promptly proceed" against the contraband. Lamar v. Universal Supply Co., Inc., 479 So.2d 109, 111 (Fla.1985).
In Lamar, the property owner had filed a replevin action seven days after the seizure. The supreme court found that the state's failure to file before that time was not unreasonable and cited cases finding delays of three and six months to be reasonable. 479 So.2d at 110. The court did not delineate any specific time period that would satisfy the requirement that the state "promptly *379 proceed" against the contraband, nor did it address the 1985 legislative amendment limiting the bar against actions for recovery to ninety days after the initial seizure. We appear to have before us a case of first impression regarding interpretation of the 1985 amendment.
....
While staff analyses of pending legislation are not determinative of the legislative intent, they are often relevant to such a determination. See, e.g., Ivey v. Chicago Insurance Co., 410 So.2d 494, 497 (Fla.1982); Department of Health and Rehabilitative Services v. Shatto, 487 So.2d 1152 (Fla. 1st DCA 1986); Florida Medical Center v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983). The revised staff analysis prepared on the 1985 amendment to section 932.703(1) expressly states that the provision here at issue "is an attempt to remedy the [fifth district] Lamar concerns by insuring that due process protections are extended to the property owner." Staff of Fla. S. Comm. on Judiciary-Crim., CS/SB 658 (1985), Staff Analysis 3, (2d rev. May 27, 1985), (on file in state archives).
On these bases we think it apparent the intent of the legislature was to provide sufficient due process safeguards to ensure that the statute would pass constitutional scrutiny. While the supreme court, in addressing these concerns, later held that due process was satisfied by the language in section 932.704(1) that the state "promptly proceed against the contraband," the legislature went further by setting a specific time limit on "reasonably prompt."

While the statute does not bar the state from filing for forfeiture beyond the ninety-day period, if the state has not filed a petition during that time, the defendant may seek recovery in another court of competent jurisdiction. The statute contains no other provision which would otherwise relieve the criminal court of its original jurisdiction to issue valid orders in cases pending before it.
(Emphasis added.) I conclude that Judge Threadgill's analysis was precisely correct.
The statute does not bar the State from filing for forfeiture beyond the time period in the statute, which has now been reduced from ninety to forty-five days. The "shall promptly proceed" language has been in the Act since 1980. Consistent with Lamar II, what the statute does is to give the State up to forty-five days to investigate and prepare a forfeiture action without the claimant of the property precipitating litigation. This conclusion is compelled when it is understood that the forty-five days is the statutory period designated by the Legislature as a reasonable period of time after the contraband is seized within which the claimant is delayed from seeking to recover seized property. In Lamar II, this Court acknowledged that such delay was contemplated by the Act and met constitutional muster.
This is the way that this Court described the working of the statute in Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla.1991):
The process in the Act enables the state to seize propertywhether real or personal"which has been or is being used" to commit one of the enumerated offenses, or "in, upon or by means of which" any enumerated violation "has taken or is taking place." § 932.703(1), Fla. Stat. (1989). The Act can be read to mean that seizure immediately ousts property owners or lienholders of any *380 right or interest they have in the subject property. Id. After seizure, the state must "promptly proceed" against the property "by rule to show cause in the circuit court," and may have the property forfeited "upon producing due proof" that the property was being used in violation of the Act. Id. § 932.704(1). If the state does not initiate proceedings within ninety days after the seizure, the claimant may maintain an action to recover the property. Id. § 932.703(1).
Id. at 961 (footnotes omitted).
I find no basis in our case law or in the statute to now conclude that if the State does not "promptly proceed" within the forty-five days, it may not thereafter proceed in a forfeiture action, as held by the Fifth District in 1994 Honda Prelude, 730 So.2d at 335. The only actions which the language of the statute bars are replevin or any other action to recover the property during the forty-five days immediately after the seizures. § 932.703(3), Fla. Stat. This is clear from the history of the statute, our case law, and the opinion of the Second District in this case, which is consistent with our case law and the statutory history.
I would approve the Second District's opinion and disapprove the Fifth District's decision in 1994 Honda Prelude.
LEWIS and BELL, JJ., concur.
NOTES
[1] The legislature added fourteen requirements to the Act after Real Property. For a detailed discussion of these amendments, see Richard A. Purdy, Contraband Forfeiture: 1993 Survey of Florida Law, 18 Nova L.Rev. 213 (1993).
[2] We do not address the issue of Petitioner's standing to challenge the forfeiture of the vehicles because it is beyond the scope of the certified conflict in this case.