GRIFFIN, J.
 

 Rafael Hudson [“Hudson”],
 
 pro se,
 
 appeals the trial court’s order summarily denying his motion for return of property. He argues that the trial court erred in denying his motion because the seizing agency failed to file a timely forfeiture complaint in accordance with section 932.704(4), Florida Statutes.
 

 On March 23, 2007, the Apopka Police Department [“APD”] arrested Hudson on charges of trafficking in cocaine, possession of a firearm by a convicted felon, and possession and/or use of narcotic equipment. APD seized $21,430.00 in U.S. currency which, according to the charging affidavit, included “money supplied by the City of Apopka as part of th[e] police investigation.” (APD Case No. 2007-011864). On May 9, 2007, the State charged Hudson with one count of trafficking in 28 grams or more of cocaine, and one count of possession of a firearm by a convicted felon. Thereafter, on November 16, 2007, Hudson entered pleas of nolo contendere to trafficking in cocaine and possession of a firearm by a convicted felon. The trial court sentenced Hudson as a habitual felony offender to concurrent sentences of 120 months in the Department of Corrections, with credit for 206 days of time served. He unsuccessfully appealed.
 

 Hudson then filed a motion seeking the return of the $21,430.00 in U.S. currency and three IDs that were seized on March 23, 2007. Hudson alleged that the State “ha[d] not acted on the matter about the property seized-” The trial court directed APD to file a response to Hudson’s motion.
 

 In its response, APD relied on forfeiture as the reason to deny the motion. The entire response consisted of the following:
 

 1. Attached hereto is the Complaint in forfeiture seeking forfeiture of the property sought by Defendant.
 

 2. Pursuant to Florida law, -the Defendant is not entitled to a return of the property.
 

 The attached forfeiture complaint simply says:
 

 1. This is an action in forfeiture. The Court has jurisdiction pursuant to Florida Statute 932.704, as the crimes committed and property seized were in Orange County, Florida.
 

 2. That on or about April 27, 2007, Rafael Deshawn Hudson did engage in the criminal act of drug trafficking and the proceeds for which the City seeks forfeiture were $21,430.00 and $3,085.00 in U.S. currency. The crime and property seized were in the City of Apopka, Florida, and seized by the City Police Department. Said property was used in violation of the Florida Constitutional Forfeiture Act. Attached hereto are the official police and court records and affidavit supporting this Complaint.
 

 The complaint is not dated and does not contain a filing stamp or a certificate of service. With two exceptions, the materials attached to this complaint pertain to Hudson’s arrest on April 27, 2007, during
 
 *1276
 
 which APD seized $3,085.00 in cash. (APD Case No. 2007-016834). The first exception is a motion to suppress, which pertains to the March 23, 2007, arrest but which bears a handwritten reference to the case number for the April 27, 2007 arrest. The second exception is a 2008 APD incident report that does not appear to pertain to Hudson at all.
 
 [1]
 

 Hudson reacted to APD’s response by filing an “amended motion to reject the response submitted on behalf of APD.” In the motion, Hudson asserted in part: “Despite the allegations made in the Response, the property was not the fruit of criminal activity and the property was not being held as evidence.”
 

 On July 6, 2009, the trial court entered an order denying Hudson’s motion, giving as its reason that “[t]he City of Apopka has filed a forfeiture complaint.” Hudson contends that the trial court erred by summarily denying his motion for return of property because APD failed to file a timely forfeiture complaint in accordance with section 932.704(4), Florida Statutes.
 

 Section 932.704, Florida Statutes (2007), entitled “Forfeiture proceedings” provides in part: “(4) The seizing agency shall promptly proceed against the contraband article by filing a complaint in the circuit court within the jurisdiction where the seizure or the offense occurred.” Under section 932.701(2)(c), Florida Statutes (2007), the term “Promptly proceed” is defined as follows: “ ‘Promptly proceed’ means to file the complaint within 45 days after seizure.” Furthermore, in
 
 DeGregorio v. Balkwill,
 
 853 So.2d 371, 374 (Fla.2003), the Florida Supreme Court said:
 

 Because the statute here provides for the deprivation of a property right, its procedural requirements cannot be regarded as immaterial or a matter of mere convenience. We hold that the requirement in section 932.704(4) to “promptly proceed” with a forfeiture action is mandatory, and that under section 932.701(2)(c), “promptly proceed” means what it says: “to file the complaint within 45 days after seizure.”
 

 In light of sections 932.704(4) and 932.701(2)(c), and
 
 DeGregorio,
 
 APD had to file its forfeiture complaint regarding the $21,430.00 in U.S. currency and the three IDs within forty-five days after seizure. Since APD seized the currency and IDs on March 23, 2007, it had until May 7, 2007, to file the forfeiture complaint. The problem here is that the forfeiture complaint that APD attached to its response to Hudson’s motion, is not dated and does not contain a filing stamp or a certificate of service. From the face of the complaint, or indeed from anything else in the record, there is no way of ascertaining when — or even if— APD filed it. Given the state of the record, the trial court erred by denying Hudson’s motion for return of property based on the State’s filing of a forfeiture complaint.
 
 [2]
 
 On remand, APD must establish on the record that it timely filed its forfeiture complaint.
 

 REVERSED and REMANDED.
 

 ORFINGER and COHEN, JJ., concur.
 

 [1]
 

 . One of the attached items is a final disposition report form, which indicates that the case associated with the April 27, 2007, arrest was dismissed by the State on November 16, 2007. The plea that Hudson entered into on November 16, 2007, with respect to the case associated with the March 23, 2007, includes: "nolle prosse 07-CF 6330 ...” [the April 27, 2007, case].
 

 [2]
 

 . On appeal, the State does not defend the trial court's order; rather, the State contends, for the first time, that Hudson’s motion was "facially insufficient”.